### N. N. DESTREHAN *v.* GABRIEL T. M. FAZENDE.

Prescription against a demand for the recovery of the value of improvements put on land is suspended while the action for its recovery is pending.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*P. E. Bonford,* for plaintiff and appellant. *H. Train* and *H. Dugué,* for defendant.

MERRICK, C. J. On the 17th day of October, 1837, *Nicholas N. Destrehan* sold to the defendant, by reference to a plan, square No. 17 in Mechanics' village, on the right bank of the Mississippi, in the parish of Jefferson, for the sum of $600. A notarial act was passed authenticating the sale.

The purchaser desiring to be put in possession, and having called upon the vendor for this purpose, the latter, with his surveyor, made a survey of the supposed square, set the stakes, marking the corners of the same, and put the defendant in possession. The latter enclosed the property thus delivered to him by fence, built a dwelling house, out buildings, and made other improvements, and resided there

with his family. He also mortgaged the property to the Carrollton Bank. *Destrehan* was all the while cognizant of defendant's possession and improvements.

On the 11th of May, 1841, the plaintiff instituted the present suit as a simple petitory action to recover the property in possession of the defendant, it appearing that he had been put in possession of square No. 18 instead of No. 17 called for by his deed.

The defendant answered by a general denial, and also reconvened, setting forth the facts relative to the delivery, and praying that his possession be maintained; that if it be decreed that he should be evicted, then he prays he be paid $5,000, the value of his improvements and damages, and for general relief.

The case was tried in 1842, and judgment rendered in favor of the defendant, quieting him in his possession. On an application for a new trial on behalf of the plaintiff, the judgment was set aside. The case was permitted to remain in this condition (the plaintiff having in the meantime died) until the 31st of March, 1856, when the defendant filed a supplemental answer making the widow and heirs of *Destrehan* parties to the suit, and alleging that the defendant was willing that plaintiffs should recover the property on paying to him the full value of the same, with the buildings and improvement erected thereon, viz, $2,500, a price which was offered defendant during the time plaintiff was slandering his title, and which could not be sold by petitioner for that or any other price, owing to plaintiff's misrepresentations, &c.

Defendant prayed in his supplemental answer for judgment for said sum of $2,500 on petitioner's delivering to said heirs the property sued for, defendant renouncing all his other claims in reconvention in the premises, and he also prayed for general relief.

The heirs of *Destrehan* when cited, moved to strike out this last answer, which being refused, they excepted.

Their objections were:

1st. That they had never made themselves parties, and they refuse to consider themselves parties or proceed with the cause.

2d. That the demand contained in the supplemental answer was not the proper subject of a reconventional demand, not being necessarily connected with the principal action.

3d. Because the said defendant cannot legally compel these appearers to intervene in the cause, or proceed with the same, or to answer the matter contained in the supplemental answer and reconventional demand.

The plaintiffs renew their plea of prescription in this court, and plead the prescriptions of one, three, four, five, ten and twenty years, in bar of defendant's reconventional demand contained in the supplemental answer filed in March, 1856.

There was judgment rescinding the sale and decreeing defendant $1,100, with legal interest from 31st March, 1856, and plaintiffs appeal.

The motion to strike out the amended answer making parties and the reconventional demand was properly refused. The defendant was not compelled, after issue joined, to await the tardy action of the plaintiff, and thus forever remain in court, subject to a revival of the action against him at the caprice of the heirs of the deceased plaintiff. C. P. 21, 120, 361; 8 An. 54; 15 La. 376.

He had a reconventional demand against plaintiff and we see no objection to his issuing citations, as was done in this case, and citing the heirs to answer such demand, although the answer to the reconventional demand is not required to be in writing. See *Donnell* v. *Parrott*, 10 An. 703, and cases cited.

Neither do we see any objection to the reconventional demand, on the ground that it is not connected with the principal demand.

The plaintiff, in violation of his act of sale, delivered the lot in question to the defendant under an erroneous description ; he stood silently by for four years, and saw the defendant put valuable improvements upon the property he had so delivered and then he sought to recover the lot back with its improvements, without so much as offering the slightest recompense for the improvement and damages which he had occasioned. The reconventional demand grows directly out of plaintiff's conduct in reference to the property sued for, and is covered by the example given in Art. 375 of the Code of Practice.

It remains now to consider the plea of prescription.

So long as the plaintiff in a petitory action prosecutes his action for the recovery of the property, there can be no prescription against the defendant's reconventional demand to recover the value of the improvements. That is incident to the recovery. The plaintiff's action for the recovery of this property was still pending when defendant had the case set down for trial, and so far as the value of the improvement is concerned, there was no prescription. But the reconventional demand claims damages for the conduct of the plaintiff in reference to this property. The first answer was filed immediately after the institution of the suit and the answer filed in 1856 does not materially vary the issue formed by the first answer. Neither answer claims a rescission of the original sale, and the relief granted by the Judge was under the prayer for general relief. If the reconventional demand had been merely an action of rescission, perhaps the prescription of ten years would have applied under Art. 2218 C. C. 2 An. 443. But such is not the demand ; and by the judgment of the District Court, the plaintiffs have recovered more than tendered by the defendant. But he does not appeal.

It may be said that the value of the square really sold, figures in the estimate formed by the District Judge in arriving at the amount of the damages decreed the defendant. In answer to this we have to say, that the conduct of the original plaintiff occasioned the defendant a much larger amount of damages than that allowed by the District Judge, and had the judgment been for $1,100, without rescinding the sale, we should have been inclined to affirm the same.

Judgment affirmed.