## LA MONTAGNE *v.* T. W. HARVEY LUMBER CO.

*(Circuit Court, E. D. Wisconsin. January 5, 1891.)*

**1. REMOVAL OF CAUSES—NON-RESIDENT DEFENDANTS—COUNTER-CLAIM.**

The filing of a counter-claim in the state court by a non-resident defendant does not change his standing as defendant in the action, so as to preclude him from availing himself of the right to remove the cause to a federal court, conferred on non-resident defendants by the removal act. Disapproving *Lumber Co.* v. *Holtzclaw,* 39 Fed. Rep. 578.

**2. SAME—JURISDICTIONAL AMOUNT.**

The claim of the plaintiff can alone be considered as the "matter in dispute," within the meaning of the removal act; and, where plaintiff's claim is for less than $2,000, defendant's petition for the removal of the cause must be denied, though he has filed a counter-claim against plaintiff for a sum exceeding $2,000.

At Law. Motion to remand.

The plaintiff, a citizen of Wisconsin, brought suit in a state court against the defendant, a citizen of Illinois, to recover the sum of $1,004.07. The defendant made timely answer, pleading, *inter alia*, a counter-claim in the sum of $2,500, and simultaneously therewith filed in the state court its petition for the removal of the cause to the federal court. The suit being here docketed, the plaintiff moves to remand the cause, upon the ground that the matter in dispute is less than the jurisdictional amount.

*H. O. Fairchild,* for the motion.

*W. H. Webster,* opposed.

JENKINS, J. This court was without jurisdiction at the institution of the suit. It then involved an amount less than the amount requisite to confer jurisdiction. If jurisdiction now obtains, it is because of the counter-claim asserted by the defendant. It is insisted for the motion that, with respect to the counter-claim, the defendant stands in the light of a plaintiff, and cannot, therefore, be permitted to remove the cause to a federal court; and *Lumber Co.* v. *Holtzclaw,* 39 Fed. Rep. 578, is cited in support. There a non-resident plaintiff brought suit in a state court for an amount less than the jurisdictional amount, and was as to the counter-claim treated as a defendant and permitted to remove the cause. Undoubtedly, in a general sense, he who prefers a claim is a plaintiff,—a complainant. Unquestionably, also, a counter-claim is a cause of action existing in favor of a defendant against a plaintiff. The right of counter-claim is borrowed from the civil law, and is there known as "demand in reconvention." As to it, the defendant is the actor, the plaintiff virtually a defendant. The plaintiff in the suit may discontinue his action at will, but the counter-claim still remains. He cannot discontinue as to that. *Lanusse's Syndics* v. *Pimpienella,* 4 Mart. (N. S.) 439; *Adams* v. *Lewis,* 7 Mart. (N. S.) 405; *McDonough* v. *Copeland,* 9 La. 309; *Coxe* v. *Downs,* 9 Rob. (La.) 133; *Donnell* v. *Parrott,* 10 La. Ann. 703; *Destrehan* v. *Fazende,* 13 La. Ann. 307; *Bertschy* v. *McLeod,* 32 Wis. 205. Nor can the court properly permit such discontinu-

ance against the will of the defendant. *McLeod* v. *Bertschy*, 33 Wis. 176. In this respect it is analogous to a cross-bill in equity. The court cannot be ousted of its jurisdiction over it by dismission of the original bill. Notwithstanding, however, the question still remains whether a defendant, although an actor or plaintiff as to the counter-claim, does not still remain the party who alone has the right of removal to a federal court. The term "defendant" was, I think, used in the removal act in its commonly accepted sense, and not with respect to the attitude of parties as to various causes of action preferred in one suit. The plaintiff is the party with whom the cause originates. The defendant is the party summoned to answer. Whatever causes of action may be permitted to be alleged against the plaintiff, he still remains the plaintiff upon the record; his antagonist, the defendant. The state statute so treats the matter. The counter-claim is a cause of action existing in favor of a defendant, and judgment thereon is rendered to the defendant. Rev. St. Wis. § 2662. There is but one suit, however numerous the causes of action involved, and although some one or more of them exist in favor of the defendant. In that suit, the party by whom it was instituted is the plaintiff, and so remains, whatever claims may be preferred against him. In that suit the party summoned is the defendant, and so remains, whatever rights he is permitted to assert against the plaintiff. It is to this party, known to the record as the defendant, being a non-resident, that the law grants the right of removal. It is not given to the original plaintiff under any circumstances. Other construction would give to a non-resident plaintiff, who had selected as his forum a state tribunal, or to whom the federal court was denied because of the amount of his claim, the right to bring that controversy into the federal court, notwithstanding the removal act denies to him that right, because his antagonist had asserted a claim. Invoking the assistance of a state court, the plaintiff was bound to know the right of the defendant to counter-claim, and, submitting to the jurisdiction, he submitted in its whole extent. *West* v. *Aurora City*, 6 Wall. 139. I cannot concur in the decision in *Lumber Co.* v. *Holtzclaw*, *supra*. I conceive it to be in direct antagonism to *West* v. *Aurora City*, *supra*. There, upon the filing of a counter-claim, the plaintiff entered a discontinuance of his suit, and sought to remove to the federal court the counter-claim as to which he claimed to be defendant. The supreme court deny the right, asserting that a suit removable under the section of the judiciary act then in question is one commenced by a citizen of the state in which the suit is brought, by process served on a defendant, a citizen of another state, and such defendant only has the right of removal. There is no substantial difference between the statute there considered and that now existing as to the party having the right of removal. If, therefore, the amount of the counter-claim can be properly deemed part of the "matter in dispute," the defendant may rightfully remove the cause.

Certainly, in a general sense, the "matter in dispute" in an action embraces the subject-matter of a counter-claim. But is it so embraced within the meaning of the removal act? It grants to the circuit courts

of the United States original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, "in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars;" and provides that any such suit brought in any state court may be removed by a defendant therein, being a non-resident of the state in which the suit is brought. It is apparent from the language of the act that no suit can now be removed to a federal court which could not originally have been brought there, except when the sole objection to the original jurisdiction was the non-residence of the defendant. Here another objection existed, viz., that the "matter in dispute" at the commencement of the action did not amount in value to the sum requisite to confer jurisdiction. Can jurisdiction be conferred by the assertion of a counter-claim by the defendant? The right to assert such claim in the state court is permissive, not obligatory. He, therefore, as to the counter-claim, has selected his forum. If he were plaintiff to the record, as he is in fact *quoad* the counter-claim, he could not remove his cause. I, however, concede his right so to do, if the amount of the counter-claim can properly be considered as part of the "matter in dispute," within the meaning of the act. In a series of cases under the various acts from the original judiciary act to the present, the supreme court has uniformly held that the jurisdictional fact of citizenship must exist at the commencement of the action, as well as at the time of removal. *Insurance Co.* v. *Pechner*, 95 U. S. 183; *Gibson* v. *Bruce*, 108 U. S. 561, 2 Sup. Ct. Rep. 873; *Railway Co.* v. *Shirley*, 111 U. S. 358, 4 Sup. Ct. Rep. 472; *Railway Co.* v. *Swan*, 111 U. S. 379, 4 Sup. Ct. Rep. 510; *Akers* v. *Akers*, 117 U. S. 197, 6 Sup. Ct. Rep. 669; *Stevens* v. *Nichols*, 130 U. S. 230, 9 Sup. Ct. Rep. 518; *Crehore* v. *Railway Co.*, 131 U. S. 241, 9 Sup. Ct. Rep. 692; *Jackson* v. *Allen*, 132 U. S. 27, 10 Sup. Ct. Rep. 9; *Young* v. *Parker*, 132 U. S. 267, 10 Sup. Ct. Rep. 75; *Graves* v. *Corbin*, 132 U. S. 571, 10 Sup. Ct. Rep. 196; *La Confiance Compagnie d'Assurance Contre l' Incendie* v. *Hall*, 137 U. S. 590, 11 Sup. Ct. Rep. 5.

The effect of these decisions is to construe the statute as speaking to the time of the commencement of the suit, with respect to matters of jurisdiction. It must therefore be held that the "matter in dispute" at the commencement of the action must exceed in value the sum of $2,000. This is the logical result of the decisions of the supreme court. It also effectuates the manifest design of congress to deny to one selecting a state court as his forum the right to remove his controversy into a federal court. The precise question has been differently ruled. The position here taken was held in *Manufacturing Co.* v. *Broderick*, 6 Fed. Rep. 654, and in *Carrick* v. *Landman*, 20 Fed. Rep. 209. A different conclusion was reached in *McGinnity* v. *White*, 3 Dill. 351, and *Clarkson* v. *Manson*, 4 Fed. Rep. 257. It is to be observed, however, with respect to the former case, that it was decided prior to any determination by the supreme court upon the subject, and that Judge DILLON predicates his decision upon the ruling of Mr. Justice MILLER in *Johnson* v. *Monell*, 1

Woolw. 390, to the effect that a party by change of residence after suit brought may have the right of removal. This decision of Mr. Justice MILLER is counter to the ruling of the supreme court, and cannot be sustained, and Judge DILLON's decision, bottomed upon it, must fall with it. The decision of Judge BLATCHFORD in *Clarkson* v. *Manson* is ruled in part upon his own decision in *McLean* v. *Railway Co.*, 16 Blatchf. 309, to the effect that, under the act of 1875, the requisite citizenship need not exist at the commencement of the suit, and the decision in *Insurance Co.* v. *Pechner*, *supra*, under the judiciary act of 1789, was held inapplicable. The cases of *Johnson* v. *Monell*, *supra*, and *McGinnity* v. *White*, *supra*, are cited in support of the conclusion reached. The decision was made, however, before the construction by the supreme court of the act of 1875, and is counter to the settled law of the land.

I am compelled to the conclusion that, to entitle a non-resident defendant to remove the cause from a state to a federal court, the jurisdictional amount or value of the matter in dispute must exist at the commencement of the suit, as well as at the time of the petition for removal; or, in other words, that it is the claim of the plaintiff in such suit which must alone be considered, and such claim must, at the commencement of the suit, as well as at the time of application for removal, come within the jurisdictional amount.

The cause will be remanded.