WILDER et al. v. VIRGINIA, T. & C. STEEL & IRON Co. et al.

(Circuit Court, W. D. Virginia. June 5, 1891.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.
　　Some of the stockholders and creditors of a New Jersey corporation, part of whom were citizens of Virginia, brought an action in a Virginia state court against the corporation and its promoters, who owned the majority of its stock, alleging that the latter had defrauded the corporation in the payment of their subscriptions, and that they had wasted the funds of the New Jersey corporation in acquiring the stock of various Virginia corporations, contrary to complainants' rights. The Virginia corporations were also joined as defendants, and the theory of the bill was that complainants had the right to have the entire assets of the New Jersey corporation brought into court, and, to that end, that the various Virginia corporations, which had secured its funds, should also be wound up. Held, that inci-

dental averments of indebtedness of the New Jersey corporation to the creditors who had joined as complainants in the bill did not constitute a separate controversy between them and the New Jersey corporation, so as to entitle the latter to remove the cause into a federal court on the ground that such complainants were citizens of a state different from that of the corporation.

**2. SAME.**

Allegations in the bill that one of the Virginia corporations was organized by the promoters of the New Jersey corporation, with intent to defraud the stockholders and creditors of the latter, and that the New Jersey corporation had fraudulently conveyed land to the Virginia corporation without any valuable consideration, and at a great loss, do not constitute a separate controversy between complainants and the New Jersey corporation, so as to entitle the latter to remove the cause into a federal court, since the Virginia corporation and the promoters of the New Jersey corporation, some of whom are citizens of the same state with complainants, are indispensable parties defendant.

**3. SAME.**

The facts that some of the complaining stockholders hold full-paid stock, while others own assessable stock, that each of them may have purchased at different times, and under different circumstances from the others, and that the claim of each complaining creditor may be distinguishable from that of the others, do not operate to split the cause of action on which complainants are proceeding; nor is a separate controversy presented because complainants might have severally prosecuted the suit which they have properly brought jointly.

**4. SAME—LOCAL PREJUDICE.**

While a single defendant, being a citizen of a state other than that in which the suit is brought, who is jointly sued with other defendants, citizens of the same state as complainants, may remove the suit to the federal court on the ground of local prejudice, yet such removal cannot be made when complainants are not all citizens of the state in which suit is brought, and all are concerned adversely to the non-resident defendant who seeks to remove the cause.

In Equity. Motion to remand.

*Goode & Goode*, for complainants.

*John F. Dillon, Wager Swayne, R. S. Ayers*, and *John N. Staples*, for defendants.

FULLER, Chief Justice. This bill was filed August 4, 1890, in the circuit court of Washington county, Va., being the sixteenth judicial circuit, by Bailey and Wellington, citizens of New York, Jonas Wilder and Hawkins, citizens of Virginia, A. B. Wilder, of Vermont, and Sheen, of Tennessee, against the Virginia, Tennessee & Carolina Steel & Iron Company, a corporation of New Jersey, the Southern Atlantic & Ohio Railroad Company, the Bailey Construction Company, and the Bristol Land Company, corporations of Virginia, and certain citizens of New York, Massachusetts, Kentucky, Tennessee, Virginia, and South Carolina. Of the complainants, Bailey, the Wilders, and Wellington were stockholders; Bailey holding paid-up and assessable, Jonas Wilder paid-up stock, and A. B. Wilder and Wellington assessable stock, and Sheen, Hawkins, and Bailey were simple contract creditors of the New Jersey corporation, and joined in the bill as such.

The bill alleged that some of the defendants, on or about April 18, 1887, associated themselves by written articles, with intent to form a corporation under the laws of the state of New Jersey, to be known as the "Virginia, Tennessee & Carolina Steel & Iron Company," which articles were acknowledged and filed; that prior to the attempted formation of the corporation, three of the defendants, claiming to own and control large tracts of land in Virginia, Tennessee, and South Carolina,

entered into an agreement with certain other of the defendants to form and float a corporation, to which the land should be sold at $720,000, $150,000 to be paid to said three of the defendants, and $570,000 to the other defendants named, styled on the bill "promoters;" and that, after the agreement with the promoters, the articles of association as a corporation were entered into, and complainants charge that this was not done in conformity with the laws of New Jersey. Defendants pretend, however, that they had formed a legal corporation, and elected themselves as directors; that it was understood at the time of the agreement between the promoters that when the corporation was organized the lands should be sold to the company, and be paid for out of subscriptions for its stock; and, while a pretended sale was made, the lands were never purchased by the promoters of the company, who received $100,000 out of the subscriptions to the stock, and that $570,000 was taken out of said subscriptions, and divided between the promoters, whereby innocent subscribers to the stock of the company, and the stockholders therein, were made to pay in full for the land, and to pay the bonus which the promoters, by their control of the company, were enabled to draw from the subscriptions to the stock; that the individual defendants have continued to control the company, owning a majority of the stock and holding the excess thereof, and have conducted its affairs for their own benefit, and with intent to defraud the subscribers and stockholders of the company; that the promoters and directors of the company represented to the complainants who are stockholders, and to the public, that the company was duly organized, and invited subscriptions, and issued and published a circular, which is annexed, and induced by false and fraudulent representations certain of the complainants to subscribe for shares of the · stock, and others to make large subscriptions, while the promoters were conspiring together to take wrongfully, from the moneys realized from subscriptions, the sums of $150,000 and $570,000; that the defendants have abused their trust as promoters and directors, and grossly mismanaged the property of the company; that they have loaned large sums of money of the company to the Bailey Construction Company; that they have unlawfully purchased with the moneys of the Virginia, Tennessee & Carolina Company more than $1,000,000 of the capital stock of the Southern Atlantic & Ohio Railroad Company, excepting a small amount issued by that railroad, and the Bailey Construction Company has been purchased with funds belonging to the Virginia, Tennessee & Carolina Company, and the latter company is, without right, assuming to own, operate, and enjoy the franchises of the railroad company and the construction company; that the credit of the Virginia, Tennessee & Carolina Company has been pledged for large amounts for the Bailey Construction Company, and the property and assets of the company mortgaged, without right, to the Bailey Construction Company; that the defendants, assuming to be directors of the Virginia, Tennessee & Carolina Company, have misappropriated and squandered many shares of the capital stock of the Virginia, Tennessee & Carolina Company, and the company has received no adequate consideration therefor, contrary to the laws of New

Jersey and the laws of the state of Virginia, and in fraud of complain-ants and the stockholders and creditors of the Virginia, Tennessee & Carolina Company; that the Bristol Land Company was organized for the benefit of the promoters, and with intent to defraud the Virginia, Ten-nessee & Carolina Company, and the stockholders and creditors thereof; that all the lands of the Virginia, Tennessee & Carolina Company, ad-joining the city of Bristol, in Virginia, being of the value of $200,000, have been conveyed to the Bristol Land Company, without any consid-eration to the Virginia, Tennessee & Carolina Company, and such con-veyance, which was grossly fraudulent, has resulted in a loss to the Vir-ginia, Tennessee & Carolina Company of one-half of the value of the lands conveyed; that there is due to the Virginia, Tennessee & Carolina Company $780,000, on account of subscriptions to the capital stock, a large portion of which is due from the promoters and directors of the company; that the directors have refused and neglected to levy an assess-ment of stock to insure the payment thereof, and propose to release and discharge said indebtedness in fraud of the stockholders and creditors, and have issued full-paid stock for the amount heretofore paid on sub-scriptions.

Complainants bring the bill in behalf of themselves and all other cred-itors and all the stockholders of the Virginia, Tennessee & Carolina Com-pany not named as defendants, and all stockholders of the Southern At-lantic & Ohio Railroad Company who are not named as defendants, and all creditors of the Bailey Construction Company and the Bristol Land Company, and say that, upon information and belief, each of the said Virginia corporations made defendants herein, and the said Virginia, Tennessee & Carolina Company, are indebted to divers persons in differ-ent amounts, which are now due, and which they neglect and are unable to pay; that the Virginia, Tennessee & Carolina Company owns all the stock of the railroad company excepting a limited number of shares, and controls said railroad, and it owns all the stock of the Bailey Construc-tion Company, and operates and controls the same; that the promoters and directors of the Virginia, Tennessee & Carolina Company have in-terfered with the business of the railroad company and the construction company, and have intermingled their assets, and have altered and amended contracts existing between the two corporations, for the pur-pose of defrauding the stockholders of each, that they may more readily appropriate the assets to their own benefit; that the principal office of these corporations is in the city of Bristol, in the county of Washington, state of Virginia; and that the Virginia, Tennessee & Carolina Company, through the several local companies, has converted the greater portion of the land and valuable properties of the said several companies into bonds and mortgage securities, and all the assets have been taken out of the state, and made way with, by the Virginia, Tennessee & Carolina Company. The complainants charge that a receiver ought to be ap-pointed *instanter*, and that due notice is impracticable; that the defend-ants have been, and are now, converting the assets of the company, and have been guilty of maladministration and misappropriation. The bill

prays for an account of the moneys due the complainants, and all other moneys due from the four corporations defendant; that certain conveyances by the Virginia, Tennessee & Carolina Company to the land company be declared void, and a reconveyance ordered, and, when sold to innocent purchasers, that an account be taken; that the land company be dissolved, and its assets, after the payment of the debts, be divided among the stockholders; that the construction company be dissolved, and its assets divided; that the railroad company be dissolved, and its assets divided; that an account be had of the money wrongfully taken by certain of the defendants while acting as managers and directors; that an account be taken of all the stock of the Virginia, Tennessee & Carolina Company issued without lawful consideration, for the benefit of certain of the defendants; that the issue be declared null and void, and these defendants be ordered to deliver up the same for cancellation, or pay the face value into court; that an account be had of all the stock of the Virginia, Tennessee & Carolina Company subscribed to by the defendants, and they be directed to pay the balance unpaid thereon; that the property and assets of the Virginia, Tennessee & Carolina Company be applied to the payment of claims asserted against it, and all other just debts, and the balance be distributed among those equitably entitled thereto; that a commissioner be appointed to take and state an account, showing the amounts due to each of the complainants, the entire indebtedness of the companies, with their priorities, and the amount of stock held by each and every stockholder of each and every one of said companies; that an injunction be issued, and a receiver appointed, etc.

Upon this bill and accompanying affidavits an injunction was issued, and a receiver appointed; the proceeding being *ex parte*, and without notice. This order was entered by the judge of the circuit court for the fifteenth judicial circuit, acting for the judge of the sixteenth judicial circuit, but its operation was subsequently suspended by order of the latter. On the 15th of August, 1890, the Virginia, Tennessee & Carolina Company, the New Jersey corporation, filed a petition and bond for the removal of the cause into the circuit court of the United States for the western district of Virginia. The state court was not in session, and the petition and bond were not presented to it or any judge thereof. The record was thereupon filed in the United States court, and certain orders entered thereon. On the 16th of August application was made under the Code of Virginia, upon refusal of an injunction by the judge of the sixteenth judicial circuit, to a judge of the court of appeals of Virginia, upon the original bill and certain supplemental matter added thereto, who entered an order of injunction and for the appointment of a receiver in substantially the same terms as the original order granted by the judge of the fifteenth judicial circuit. This application was *ex parte*, and without notice. On the 2d of September the Virginia, Tennessee & Carolina Company applied to the circuit court of the United States for the western district of Virginia, by petition and affidavit, for the removal of the supplemental proceedings into that court, upon the ground of local prejudice, and an order was thereupon entered by it, removing said

cause. A motion is now made to remand the case under the original proceedings for removal, and to set aside the order of removal entered upon the second application.

As to the alleged removal of the cause of August 15th, the statute contemplates that the petition and bond should be presented to the state court, which was not done, and it is insisted that the removal was therefore not effected; but it is not necessary to dispose of the serious question involved in that contention. That the petition and bond should have been brought to the attention of the court below is obvious.

The question, then, for determination is whether there was a separable controversy, which entitled the New Jersey corporation to remove the cause. The petition for removal stated that "there is a controversy which is wholly between citizens of different states, and which can be fully determined between them, to-wit, a controversy between your said petitioner, which avers that it was at the commencement of this suit, and still is, a citizen of the state of New Jersey," and the complainants, giving the names of each of them, and showing that two of them were and are citizens of Virginia, two of them were and are citizens of New York, one of them was and is a citizen of Vermont, and one of them was and is a citizen of the state of Tennessee; and concluding: "And that the said Jonas Wilder, Thomas S. Hawkins, John M. Bailey, John L. Wellington, A. B. Wilder, and William G. Sheen, and your petitioner, are actually interested in said controversy." This does not assert on the part of the petitioner that there was a separate controversy between it and each of the three simple contract creditors as such, namely Sheen, Bailey, and Hawkins. In this the petitioner was correct, though it is now contended on its behalf that there is a separable controversy between each of these complainants and it, because each of these complainants has an individual claim, as alleged, for so much money against the New Jersey company; but these averments of indebtedness are incidental to the real controversy raised by the bill, and cannot be treated as separate controversies, constituting the basis of removing the entire case, under the statute. *Graves* v. *Corbin*, 132 U. S. 571, 10 Sup. Ct. Rep. 196; *Safe-Deposit Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733.

It is said there is a separable controversy between the complainants and the New Jersey company, upon the allegations that the Bristol Land Company was organized for the benefit of some of the individual defendants, and with intent to defraud the New Jersey company and its stockholders and creditors, and that the New Jersey company had conveyed lands to the Bristol Land Company without any valuable consideration, and in fraud and at great loss; but as to that controversy the Bristol Land Company and the individual defendants in question are indispensable parties, and, besides, the combination charged makes the New Jersey company rightly and necessarily a party co-defendant with the Bristol company. The theory of the bill is the right of complainants to have the entire assets of the New Jersey company brought into court for the purpose of distribution, and that, under its averments, involves the winding up of the various other corporations. If the New Jersey corpo-

ration could be considered as complainant, and the Virginia companies defendants, there would be a separable controversy between them; but they cannot be so arranged under the circumstances. For the purpose of determining whether a controversy is separable, the allegations in the bill must be taken as true, and the combination charged between these defendants, viewed in that light, does not present a separable controversy. *Railroad Co.* v. *Grayson*, 119 U. S. 240, 7 Sup. Ct. Rep. 190; *Railroad Co.* v. *Mills*, 113 U. S. 249, 5 Sup. Ct. Rep. 456. And so in respect to the distinction between the holders of full-paid and of assessable stock as regards the right to attack the validity of the incorporation of the Virginia company, and the fact that each of the complaining stockholders may have purchased at different times, and under different circumstances, from the others, and that the claim of each creditor may be distinguishable from that of the others, these matters do not operate to split the cause of action upon which complainants are proceeding, and separate defenses do not create separate controversies, within the meaning of the removal act. Nor is a separate controversy presented because complainants might have severally prosecuted a suit, which they have properly jointly brought, nor can a defendant say that an action shall be several which a plaintiff elects to make joint. *Little* v. *Giles*, 118 U. S. 596, 7 Sup. Ct. Rep. 32; *Graves* v. *Corbin*, *supra*, and cases cited.

As to the second order of removal, the supplemental proceedings must be taken as a part of the entire case, which stands upon the original and supplemental and amended bills. As this court has already held the presentation of facts in relation to local prejudice to be *prima facie* sufficient, that may be assumed. Of course, this does not involve passing upon the complainants' right to contest that showing as a matter of fact. But the difficulty of this order of removal is that there is not a controversy, within the intent and meaning of the act, between citizens of the state in which the suit is brought and a citizen of another state. Any defendant, being such citizen of another state, may remove; but it is essential that a controversy should exist between such citizen of another state and citizens of the state in which suit is brought. Assuming that a single defendant, being a citizen of a state other than that in which the suit is brought, who is jointly sued with other defendants, citizens of the same state as the plaintiff, may remove the suit to the circuit court, upon making it appear to the court that, on account of local prejudice or local influence, he cannot obtain justice in the state court or courts, still the question remains whether this can be done when the plaintiffs are not all citizens of the state in which suit is brought, being all concerned adversely to the non-resident defendant, who seeks to remove the case. The language of the act of 1887 is that, "when a suit is now pending, or may be hereafter brought, in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant being such citizen of another state may remove," etc. The language of the act of 1867, in describing the suit, is the same; and, as to the act of 1867, it has been uniformly held that all the persons on one side must be citizens of the

state in which the suit is brought, and all those on the other citizens of some other state.    *Young* v. *Parker's Adm'r,* 132 U. S. 267, 10 Sup. Ct. Rep. 75, and cases cited.

Granted that the area of removability was enlarged by the act of 1887, inasmuch as any of the defendants may remove, still the rule under the act of 1867 applies, that, when the citizenship on the plaintiff's side of the suit is such as to prevent the removal under that act, it is equally effective to defeat the right under the act of 1887.    The suit was brought in Virginia, and the complainants are only in part citizens of that state. The petition admits this.    It states—

"That in the said suit there is a controversy between citizens of the state in which the said suit is brought and the citizens of another state, to-wit, a controversy between your said petitioner, who avers that he was at the time of the bringing of the said suit, and still is, a citizen of the state of New Jersey, and that the complainants Jonas Wilder and Thomas S. Hawkins were at the time of the bringing of said suit, and still are, citizens of the state of Virginia; that William G. Sheen was at the time of the bringing of this suit, and still is, a citizen of the state of Tennessee; that A. B. Wilder was at the time of the bringing of this suit, and still is, a citizen of the state of Vermont; and that John L. Wellington and John M. Bailey were at the time of the bringing of this suit, and still are, citizens of the state of New York; and that both your petitioner sand the complainants in the bill are actually interested in said controversy."

Upon the face of this bill there is no controversy otherwise than as stated, and this is fatal to the application.    We are not to be understood as expressing any opinion as to whether the bill can be sustained as at present framed.

For the reasons given, the entire case must be remanded, and it is so ordered.