### TOD v. CLEVELAND & M. V. RY. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1894.)

No. 202.

1. REMOVAL OF CAUSES—LOCAL PREJUDICE—AMOUNT IN CONTROVERSY.
   The record presented upon an application for removal of a cause from a state to a United States court, on the ground of local prejudice, in order to authorize the latter court to assume jurisdiction, must show that the amount in controversy exceeds $2,000.

2. SAME—WAIVER OF OBJECTIONS.
   A plaintiff whose cause has been removed from a state to a United States court, and who fails to prosecute a motion to remand, thereby waives all objections to the removal which he is competent to waive, including the objection that the showing of local prejudice was not sufficient, in a case where the removal was on that ground.

3. SAME—ORDER OF REMOVAL.
   An entry in the record of the circuit court, upon an application for removal of a cause from a state court, on the ground of local prejudice, which is in form simply a finding of the right to removal, without an order that the cause be removed, does not effect the removal of the cause.

4. SAME—WAIVER.
   Whether, when such an entry is brought to the attention of the state court, and it thereupon treats the cause as removed, and the plaintiff follows it to the United States court, and proceeds therein without objection, the defect is not thereby waived, quaere.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

This was an action by Henry Tod against the Cleveland & Mahoning Valley Railway Company, the New York, Pennsylvania & Ohio Railroad Company, and the New York, Lake Erie & Western Railroad Company, to recover possession of certain lands. The action was originally brought in a court of the state of Ohio. The New York, Lake Erie & Western Railroad Company took proceedings for its removal into the United States circuit court, in which court a verdict and judgment were rendered for the defendants. Plaintiff brings error.

The plaintiff in error brought suit in the court of common pleas for Mahoning county, in the state of Ohio, to recover the possession of certain land in that county then in the possession of the defendants, who claimed as owners or lessees thereof. The defendant companies appeared and answered, admitting the incorporation of the several defendants, the first two alleging that the demanded premises were in the possession of the third, and the third alleging the possession to be in itself, and each denied all the other allegations of the petition. Subsequent to the time when the case could, upon other grounds, be removed into the circuit court of the United States, and on the 3d day of February, 1891, the defendant the New York, Lake Erie & Western Railroad Company presented its petition to the court below for the removal of the cause into that court, upon the ground that, by reason of prejudice and local influence, it could not obtain justice in the state court. This petition was accompanied by an affidavit designed to show the existence of that ground, and a proper bond. From the record in the state court, and the petition for removal, it then appeared that the plaintiff was a citizen of Ohio; that the first two named defendants were also citizens of that state; and that the petitioning defendant was a citizen of New York. Neither by the record in the state court, nor by the petition for removal, nor the affidavit accompanying it, was it shown what was the value of the matter in controversy in the suit. In the petition and affidavit it was alleged in direct terms "that, from prejudice and from local influence, said New York, Lake Erie & Western Railroad Company will not be able to obtain justice in said court of common pleas, or in any other state court to which it has a right under the laws of the state of Ohio, on account of such prejudice and local influence, to remove said cause." Upon the filing of the petition, the court below directed the following entry: "This day came on to be heard the petition of the defendant for an order for removal of the case from the court of common pleas of Mahoning county, Ohio; and it appearing to the court that the defendant has filed in this court his petition, bond, and affidavit under the second section of the act of congress of March 3, 1887, entitled 'An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes,' etc., from which it appears to the court that said affidavit is in compliance with the said second section of said act of congress, and that said bond is sufficient and satisfactory, and that said defendant, by his petition, affidavit, and bond, has shown he is entitled to remove said cause to this court." The transcript was filed on the same day. It appears, also, that a similar petition, with an affidavit and bond, had previously, and on the 27th day of January, 1891, been filed in the state court, upon which that court, on the 28th day of January, had made an order that the cause be removed into the United States court. After the transcript was filed, the plaintiff entered a motion to remand, upon the ground that the circuit court of the United States had not acquired jurisdiction. This motion was not brought on for hearing, and there is nothing to show that the attention of the court was ever called to it. Thereupon the plaintiff applied for and obtained leave to amend his petition, which was done accordingly, and the defendants, by leave, filed amended answers. The case went to trial before a jury, and a verdict and judgment were entered for the defendants. The plaintiff brings the case here, and assigns for error several matters involved in the rulings of the court upon the trial. By leave of the court, counsel for the plaintiff was permitted to argue several questions touching the jurisdiction of the court below, that is to say—First,

whether it was competent for the one defendant to remove the cause upon the ground alleged without joining the others in its petition; second, whether the fact of prejudice and local influence was sufficiently made to appear to justify an order of removal; third, whether it was necessary that it should be shown that the value of the matter in dispute was such as to constitute the case, in that respect, one within the jurisdiction of the court; and, fourth, whether the entry above set forth amounted to an order of removal.

George F. Arrel and H. K. Taylor, for plaintiff in error.

Hine & Clarke, for defendant in error the New York, L. E. & W. R. Co.

Before TAFT, Circuit Judge, and SEVERENS and SWAN, District Judges.

Having stated the case as above, SEVERENS, District Judge, delivered the opinion of the court.

Before entering upon the consideration of the rulings occurring on the trial upon which error is specially alleged, it is necessary to look into the questions submitted affecting the jurisdiction of the circuit court; for, unless it appears that that court acquired jurisdiction by the removal proceedings, it is clear that we cannot proceed to discuss the merits of the controversy.

It is well known that, upon the first and second grounds above stated upon which the want of jurisdiction is alleged, there has been much difference of opinion in the subordinate courts; but, inasmuch as we are of opinion that the jurisdiction of the circuit court must be denied upon another ground, we do not deem it necessary to examine the questions whether one of several defendants can proceed for the removal of the cause for the special reason here alleged to exist, where the other defendants are citizens of the same state with the plaintiff, and whether such a showing as was made in this case in regard to prejudice and local influence is sufficient. It seems proper, however, to say that in the present case the question last referred to does not present itself in the same way in which it would have done if the plaintiff had prosecuted his motion to remand. By omitting to do that, he waived all objections which he was competent to waive, and there remains not the question whether there was sufficient fullness in the showing of prejudice and local influence in the petition and affidavit, but the question whether they constituted any evidence at all of the fact stated. Mere defects in the form and mode of procedure may be waived, though the essentials of jurisdiction cannot be. Ayers v. Watson, 113 U. S. 594, 5 Sup. Ct. 641; Martin's Adm'r v. Railroad Co., 151 U. S. 673–687, 14 Sup. Ct. 533.

Another question presented by the record is whether it was necessary, in order to justify the removal, that it should have been shown to the circuit court that the value of the matter in controversy was such as to bring it within the jurisdiction of the court. We are of opinion that it was, and that the case must be remanded to the state court, for the reason that it nowhere appeared from anything in the record or petition or affidavit that the sum or value of the thing sued for exceeded the sum of $2,000. The first section

of the act of March 3, 1887, defines the general jurisdiction of the circuit courts in suits originally brought there, and, in respect to the value of the subject-matter, requires that it shall exceed the sum of $2,000, besides interest and costs. By the second section, provision is made for the removal by defendants from state courts of cases of the same general character. The cases made removable by this section are divided into four classes. The first and second classes, taken together, cover generally all cases of which original jurisdiction is given by section 1; and in these it is necessary that all the defendants, if there be more than one, join in the removal. The third class is of cases of the same description as those included in classes 1 and 2, but it is a subclass as respects them, consisting of cases included in the former classes, in which part of the defendants are citizens of different states from that of the plaintiff, and have a separable controversy. In these the defendant or defendants in that controversy may remove the suit without joining codefendants. The fourth class is also a special class of cases included in classes 1 and 2, and consists of controversies between citizens of different states, in which justice cannot be obtained in the state courts, on account of prejudice and local influence. The first and second clauses of this section expressly refer to section 1 for the elements of jurisdiction. The third refers to the first two, of which it is a subclass; and, although the reference in the fourth clause is not quite so distinct, it is held by the supreme court, in the case of In re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, that the words "and where," with which the fourth clause commences, are equivalent to the words "and when in any such case," in the third clause. Thus, the essentials of the jurisdiction in removal cases conferred by section 2 appear to be identical with those in original cases as defined in the first section (with certain conditions added by the third and fourth clauses of section 2); and one of those essentials is that the controversy must involve a sum exceeding $2,000. In re Pennsylvania Co., above cited. And it has long been the established rule that all the essential conditions must appear in the record (which includes the petition), as it is presented to the circuit court of the United States, before it is authorized to assume jurisdiction. It is only "in any such case" that an order of removal can be made. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518; Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692; La Montagne v. Lumber Co., 44 Fed. 645. In the cases in the supreme court here cited, the element lacking was that of an allegation of diverse citizenship; but in the case in 44 Fed. 645, it was that of the value in controversy, and Judge Jenkins applied the same rule; and we can see no difference in the principle involved. See, also, Oleson v. Railroad Co., Id. 1.

In regard to the other question, it seems doubtful whether there was any valid order for removing the case. The authority to make such an order is vested by the act solely in the circuit court of the United States. The entry recited in the foregoing statement of the facts was merely of a finding that the petitioner was entitled to remove the case into that court. It was not an order. The entry

in question was identical with the one which had been made by the United States circuit court in Pennsylvania Co. v. Bender, 148 U. S. 255, 13 Sup. Ct. 591. The state court, declining to treat the case as thereby removed, proceeded with it, and, after final judgment in the supreme court of the state, the case was removed to the supreme court of the United States, where Mr. Justice Brewer, in delivering the opinion of the court, treated the entry as a finding simply, and said:

"But such finding does not remove the case any more than an order overruling a demurrer to a petition makes a judgment. Such an order is simply an adjudication of the right of the plaintiff to a judgment. Upon it alone, execution cannot issue. There must be a judgment, or, in other words, an order based upon the determination of the right. A mere finding that the party is entitled to a removal is no order, and does not of itself work removal."

In that case, however, it does not appear that a copy of the entry was filed in the original state court, as was done here. There was in this case also an order made in the state court that the cause be removed. But that court had made the order previously, and it was in no wise responsive to the action of the federal court. The state court had no authority, either under state or federal law, to make the order when it did, and it was therefore void.

Whether, in view of the facts that the proceeding which had taken place in the United States court was brought to the attention of the state court, that the latter suffered the case to be removed, and that the plaintiff followed it into the United States court, and proceeded to trial without raising objection to the removal, the infirmity of the removal proceedings ought not to be treated as a matter of irregularity only, such as a party may waive, and not as of the essence of jurisdiction, is a question which we have not found it necessary to decide.

The judgment must be reversed, and the case remanded to the court below, with instructions to remand it to the state court. The defendant who removed the case must pay the costs of this court and of the court below. Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726; Hanrick v. Hanrick, 153 U. S. 192, 198, 14 Sup. Ct. 835.