## ALLEY et al. v. EDWARD HINES LUMBER CO.

(Circuit Court, W. D. Michigan, S. D. December 27, 1894.)

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP.

It is not necessary, to entitle a defendant, sued in a court of a state of which he is not a citizen, to remove the case to the United States circuit court on the ground of diverse citizenship, under the second clause of section 2, Act Cong. March 3, 1887, that all the plaintiffs should be citizens of the state in which the action is brought.

This was a suit by Charles G. Alley and others against Edward Hines Lumber Company. The suit was brought in a court of the state of Michigan, and was removed by the defendant to the United States circuit court. Plaintiffs move to remand.

Smith, Nims, Hoyt & Erwin, for plaintiffs.
Bunker & Carpenter, for defendant.

SEVERENS, District Judge. Two of the plaintiffs are citizens of New York and one of Michigan. The defendant is a citizen of Illinois, and has removed the case. The ground on which the motion to remand is made is that the plaintiffs are not all citizens of Michigan, that being the state in which the suit is brought. The question turns on the construction of the act of March 3, 1887. Original jurisdiction is given by section 1. The second section provides for removals. The first and second clauses of that section require the same elements of jurisdiction to exist as in section 1. The present case is one comprehended in the second clause, and the conditions of removal must be ascertained by reference to those required by the first section for original suits. See Tod v. Railway Co. (C. C. A., 6th Circuit, Oct. Sess. 1894) 65 Fed. 145. The fourth clause of section 2, being the one which provides for removals on the ground of local prejudice, contains an additional requirement.

which is that the plaintiffs must be citizens of the state in which the suit is brought; and it was held by Fuller, C. J., in Wilder v. Iron Co., 46 Fed. 676, and by Mr. Justice Lamar and Judge Newman in Gann v. Railroad Co., 57 Fed. 417, that all the plaintiffs must be citizens of such state in order to entitle the defendant to remove the case. Indeed, there would seem to be no room for doubt, upon the clear language of the fourth clause, that this must be so. There is no such condition imposed, however, by the first and second clauses of the section; and it was held by Mr. Justice Brewer, in a carefully considered opinion in Kansas City, etc., R. Co. v. Interstate Lumber Co., 37 Fed. 3, that it is not necessary to entitle the defendant to a removal, under the provisions of the second clause of section 2, that the plaintiff should be a citizen of the state in which the suit was brought; and it was held in that case that the right of removal existed, though neither of the parties was a citizen of that state. It was pointed out that the elements of jurisdiction did not include the place where suit should be brought, and that the latter, being given for the convenience of the party, might be waived by him; and it was added by Mr. Justice Brewer:

"If the suit had been commenced in this court, and process served personally upon the defendant, and it had raised no question other than upon the merits of the controversy, this court would have had undoubted jurisdiction, and the judgment, if rendered, would have been valid. If the jurisdiction of the court upon his failure to insist upon his personal privilege be conceded in the one case, why should there be doubt of the jurisdiction when he voluntarily seeks the court?"

In accord with that decision are the cases of First Nat. Bank v. Merchants' Bank, 37 Fed. 657; Burck v. Taylor, 39 Fed. 581; and Uhl v. Burnham, 42 Fed. 1. These cases furnish ample authority for holding that the motion to remand cannot be sustained; but I wish to add that the construction of the act adopted by them seems to me to be the right one. The cases of Wilder v. Iron Co. and Gann v. Railroad Co., above referred to, are clearly distinguished from those last mentioned by the express language of the fourth clause of the section, limiting the kind of suits removable for local prejudice to those in which the plaintiffs are citizens of the state in which the suit is brought. The motion to remand must be overruled.