AMERICAN SURETY CO. OF NEW YORK v. CONWAY et al.

(District Court, D. New Jersey. April 24, 1915.)

1. Fraudulent Conveyances ⊙⊃265—Remedies of Creditors—Pleading—Issues.

A prayer in a creditors' bill to set aside a conveyance by the debtor as fraudulent, which asks that defendants, or some of them, shall pay the amount due on the judgment, is serviceable only when predicated on proper allegation that the defendants sought to be reached have obtained some pecuniary benefit from the land fraudulently conveyed, and is not applicable to defendants expressly omitted from the parts of the bill charging the receipt of pecuniary benefit, especially where the bill further shows that such defendants had no other connection with the alleged fraud than that of serving as conduits through which the legal title to the land passed to the present holders.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 760, 761; Dec. Dig. ⊙⊃265.]

2. Fraudulent Conveyances ⊙⊃235—Accounting—Parties.

In a creditors' bill to set aside a conveyance by the debtor to a defendant, who conveyed to codefendants, who reconveyed to defendant, and for an accounting for rents and profits, an accounting cannot be had against codefendants, unless the conveyance by the debtor to defendant is set aside as fraudulent, and defendant and codefendants are necessary parties.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig. ⊙⊃235.]

3. Fraudulent Conveyances ⊙⊃256—Remedies of Creditors—Necessary Parties.

In a creditors' suit to set aside a conveyance by the debtor, since deceased, the administrator of the deceased debtor, and the present holder of the legal title are necessary parties.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 751, 752; Dec. Dig. ⊙⊃256.]

4. Removal of Causes ⊙⊃48—Separable Controversy.

A judgment creditor's suit to set aside a conveyance by the debtor, since deceased, as fraudulent, brought in a state court against the administrator of the debtor, the present holder of the legal title (both of whom are residents in the district where suit is brought), and third persons obtaining a conveyance from the debtor's grantee and reconveying to the grantee, and for an accounting of rents and profits, does not present a separable controversy between the third persons, residing in another state, and the plaintiff, and the nonresidents are not entitled to have the cause removed to a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. ⊙⊃48.]

⊙⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the American Surety Company of New York against William F. Conway and others. On motion to remand to state court. Granted.

Pitney, Hardin & Skinner, of Newark, N. J., for complainant.
McCarter & English, of Newark, N. J., for removing defendants.

RELLSTAB, District Judge. The complainant, a resident of the state of New York, claiming to be a judgment creditor of the estate of James Conway, deceased, on behalf of itself and other creditors of said James Conway. similarly situated, filed its bill in the New Jersey Court of Chancery for the purpose of having certain conveyances of land by the said James Conway declared to be in fraud of such creditors. The defendants who removed the cause into this court, viz., Edward B. Reiley and Bessie A. Reiley (his wife), and John F. McGrath and Frances A. McGrath (his wife), reside in the state of Connecticut. The remaining defendants reside in the state of New Jersey.

The bill charges, in substance, and so far as pertinent to the questions presented on this motion, that the said James Conway conveyed six of the twelve therein described tracts of land to his son, William F. Conway; that said William F. Conway conveyed three of such tracts to Edward B. Reiley and the remaining three to John F. McGrath, who respectively, each joined by his wife, reconveyed the same to him; that such six tracts with others (also alleged to be affected by such fraud), were afterwards conveyed by said William F. Conway to Isabelle E. McGrath, who thereafter became the wife of the said William F. Conway; and that all said conveyances were in fraud of complainant's rights as a creditor, and to place such lands beyond the reach of the ordinary process of law. The bill also alleges that said James Conway died possessed of "no real estate the legal title to which stood in" his name; that letters of administration upon his estate were issued to his daugher, Mary L. Conway Mason; that the said James Conway, during his life, and his heirs since his death, have possessed and received the rents, issues, and profits of said lands "as fully to all intents and purposes as if said pretended conveyances had never been made"; and that complainant had applied to the relatives (by blood and marriage) of said James Conway to pay it his said indebtedness, but that they had refused to do so. The bill prays, in addition to the usual prayers for process, answer, discovery, a sale of the lands for the benefit of complainant, and general relief, that it may be decreed that the said Isabelle E. McGrath Conway hold such tracts of land—

"in trust for the heirs of the said James Conway, subject to the lien of the indebtedness of the said James Conway to your orator, and that the heirs of the said James Conway (William F. Conway, Mary L. Conway Mason, and Helen D. Conway Kelly, son and daughters) are the beneficial owners of said real estate, and that your orator's said lien by reason of the indebtedness of the said James Conway, now deceased, to your orator, may be established as against said lands and premises, and that the said defendants, or some one of them, may be decreed to pay to your orator the full amount due and owing to it on the said judgment, with interest and costs thereon."

The ground of removal is that there exists—

"in the cause a separable controversy between the complainant and the four defendants residents of Connecticut, to which said controversy the remaining defendants were not necessary parties, and which can be wholly determined without their presence."

[1, 2] The bill does not allege that the defendants who removed the cause were asked to pay the complainant's judgment, nor that they at any time possessed any of said lands, nor that they received any of the profits derived therefrom. With regard to such possession and profits, the allegations of the bill are, as noted, that others than they had such possession and enjoyed such profits, and it is the defendants other than those residing in Connecticut who it is specifically prayed shall render an accounting and pay over such rents and profits. Except for that part of the prayer, viz., "that the said defendants, or some one of them, may be decreed to pay to your orator the full amount due and owing to it on the said judgment," there would not be the slightest basis for the claim that as between such defendants and the complainant there is a separable controversy, etc. Such a prayer, while often used in creditors' bills, is serviceable only when predicated upon the proper allegation that the defendants sought to be reached thereby have obtained some pecuniary benefit from the lands fraudulently conveyed. So construed, it is not applicable to the Connecticut defendants, because, as already stated, they are expressly omitted from the parts of the bill which charge the receipt of pecuniary benefit by reason of such fraudulent conveyances, and from the specific prayer founded on such allegation. Furthermore, there are no allegations in the bill from which it might be gathered that such defendants had any other connection with the alleged fraud than having served as conduits, through which the legal title to such lands found its way mediately to the present holder thereof.

[3, 4] Assuming that, under the prayer for other and further equitable relief, an accounting may be had against such defendants for rents and profits obtained during the period they held the legal title, with or without any amendment of the bill of complaint, no such accounting can be decreed unless the challenged conveyances preceding theirs to the said William F. Conway are decreed to be in fraud of creditors. To the issues thus raised Mary L. Conway Mason, administratrix of the estate of the said James Conway, deceased, at least, is a necessary party, inasmuch as it is the alleged fraudulent conduct of said deceased that is the primary question that must be investigated. Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 610, 13 Sup. Ct. 691, 37 L. Ed. 577; Fuller v. Montague, 59 Fed. 212, 214, 8 C. C. A. 100, and cases cited. See, also, Walker v. Powers, 104 U. S. 245, 251, 26 L. Ed. 729; and Beswick v. Dorris (C. C.) 174 Fed. 502, 508. As the present holder of the legal title to the lands in question is a necessary party in the main suit (Wilder v. Virginia, T. & C. Steel & Iron Co. [C. C.] 46 Fed. 676; Terhune v. Sibbald, 55 N. J. Eq. 236, 37 Atl. 454), so is William F. Conway a necessary party to the alleged controversy between the complainant and the Connecticut defendants, if the same ends with their conveyances to him, for he is not only the immediate

grantor to such defendants, but their immediate grantee, and in the latter connection he bears the same relation to such controversy as does the present holder of the legal title of the lands in question to the main suit. If, however, such controversy, viz., an accounting from the Connecticut defendants, is but incidental to—an outgrowth of—the main case or principal dispute, it is indivisible therefrom. Corbin v. Van Brunt, 105 U. S. 576, 26 L. Ed. 1176; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528. Such controversy, therefore, however regarded, whether as a branch of the main case, or as one to which some of the defendants, residents of this state, are necessary parties, is not one wholly between such Connecticut defendants and the complainant, capable of being fully determined between them, and is therefore not removable into this court. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Merchants' Cotton Press, etc., Co. v. Insurance Co., 151 U. S. 368, 14 Sup. Ct. 367, 38 L. Ed. 195; Hanrick v. Hanrick, 153 U. S. 192, 196, 14 Sup. Ct. 835, 38 L. Ed. 685; Fishblatt v. Atlantic City (C. C.) 174 Fed. 196; Regis v. United Drug Co. (C. C.) 180 Fed. 201, and cases cited.

Barney v. Latham, though the main reliance of the defendants in their contention that this is a separable and removable controversy, is really a controlling authority for the contrary view. In that case the removable controversy was one to which there were no necessary parties other than the plaintiffs and the defendants who sought to remove the cause, all of which defendants were citizens of a state different from that wherein the suit was brought and different from the state of which the plaintiffs were citizens. In the present suit, as noted, all the necessary defendants to the alleged separable controversy are not so situated.

As, in my judgment, the controversy which thus emerges from the bill of complaint, and which may be said to be separable from the main suit, is one that cannot be removed into this court, because the presence of defendants resident in New Jersey is necessary to its determination, it is unnecessary to decide the other question raised, namely, whether, even if the controversy were as contended by the removing defendants, it could be removed into this court, because the plaintiff as well as such removing defendants are not residents of this district.

For different interpretations of the phrase "proper district," as applied to the removal of causes from state to United States courts, see St. John v. Taintor (D. C.) 220 Fed. 457, and cases cited.

The motion to remand is granted.