White, J.
 

 delivered the following opinion of the court.
 

 Franklin brought assumpsit against Cassell for
 
 two
 
 hundred and five gallons of whiskey ; upon the trial Roper was offered as a witness
 
 ;
 
 he was objected to on the ground that he was to receive a part of the whiskey, or the value of it, in case of recovery. Roper executed a release to Franklin, and delivered it in court to Franklin’s counsel, Franklin himself not being present ; the circuit court received Roner as a competent witness; a verdict was given in favor of Franklin, a new trial was moved for and refused ; exceptions were taken to the opinion of the court, in refusing a new trial, and the cause removed into this court. And here the question made by Cassell’s counsel, is, whether there was error in permitting Roper to give evidence.
 

 This case comes before this court in a less favourable point of view, for Cassell, than it would have done, if exceptions had been taken to the opinion of the court upon the trial, when the evidence was received. This was not done ; the only exception here taken is, to the opinion in refusing a new trial. If it be correct in this court, and we certainly have in some instances done it, to revise the opinion of the circuit court, in granting or refusing a new trial, it would seem to me, that the bill of exceptions ought to disclose the whole case as it appeared to the circuit court, which this bill of exceptions does not profess to do. I will
 
 *202
 
 in
 
 no
 
 case revise the decision of the circuit court, upon such a point, unless the record shows no reasonable ground upon which to presume their decision was correct,. But if this exception had been taken at the time most favorable for Cassell, I should still believe the judgment ought to be affirmed.
 

 It it be doubtful whether an objection to a witness ought to prevail, or not, the witness ought to be received, and let the objection be applied to his credit before the jury. In this case it has been urged, the release did not operate, until delivered to Franklin, and he agreed to be released. As he was not present, it was delivered to his counsel in the cause, and being for Franklin’s benefit, I would presume his consent to the release, and let it have the same operation as if delivered to himself. A contrary course would be unnatural, and ought not to be adopted, merely for the base of excluding testimony. It therefore, appears to me, the circuit court did not err, and that the judgment ought to be affirmed.