Peck J.
delivered the opinion of the court.
The only matter of error insisted on, is, that the appeal should have been dismissed, because .not taken within the time allowed by law.
The, act of assembly, 1827, ch. 19, sec. 2 and 3, which.governs five question, is in these words :“Two days shall hereafter be allowed defendants in-which to stay execution after judgment against them, before which time, *216 P^nt^ have execution. All defendants shall have hie term of two days in which to appeal from the judgments of the justice of the peace.”
If the day on which the judgment was rendered is to 'lie taken as inclusive, then it would seem that the appeal was taken after the time allowed by law. The justice having allowed the appeal, it must prima facia be taken that he had authority to allow it, unless it manifestly appears he had not. To give a construction to the ac.ts cited, it is natural to enquire how long does the law continue the case open before the justice. This will be answered by en-quiring when the plaintiff may legally demand and sue out his execution. This he cannot do until the expiration of two days, and in this cause, upon any computation of time, the execution could not have issued until the day on which this appeal was taken. As the law fixed a barrier to the party succeeding taking out execution, until the expiration of two days, it is a fair interpretation of the act to say, that until the successful party had a right to demand the execution, the case was open before the justice for the stay of the execution, or taking the appeal.
That this view of the act of assembly is in accordance with tire construction given it by the community, cannot be doubted. Men have not been in the habit of supposing that an act of assembly, speaking of days, would receive an interpretation which would confine the right intended to be provided for, to a fraction of a day. We are not unapprised of the general rule, that where a thing is to be done in a time specified after a particular fact, the day of the fact is to be taken as included, Stark. Ev. 1398; but the rule applies to cases where the provision comes as a limitation of time, (15 Mass. Rep. 158). By the annuity act, which requires deeds to be enrolled within twenty days of the execution, the day of the execution of the deed is excluded in computation, (5 Term R. 283).
In computing the thirty days after judgment, the day of the judgment is excluded to give force to an attachment on *217 mesne process, (11 Mas. R. 204). The construction is in favor of the right given as contradistinguished from those cases where, by the provision, time is to he taken for the sake of repose as a limitation.
In this State it has been held, that where an occupant has the right given him by law to survey within one year, the day on which the act passed is not included in the computation. 2 Ten. Rep. 201.
From this view of the case, we can perceive no error in the judgment before us, and therefore affirm it.
Judgment affirmed.