HARRIS *vs.* BURRIS.

SUPREME COURT. *Judical Notice.*

1. The Supreme Court cannot judicially know the rules of practice of
the Circuit Courts, and will not consider them unless proved on the
trial below and incorporated into the bill of exceptions.

NOTICE TO TAKE DEPOSITION. *Presumption in favor of.*

2. Where a deposition is excepted to for want of notice, unless it ap-
pear from the record, or by proof incorporated into the bill of excep-
tions, that there was no notice, the Supreme Court will presume that
notice was regularly given.

WRIGHT, J., delivered the opinion of the Court:

The only question that need be noticed here, is whether
the Court erred in permitting the deposition of James

Watson to be read. And we think it did not. This Court cannot notice the rules of practice established by the Circuit Courts in the trial of causes, unless they are proved on the trial below, and incorporated into the bill of exceptions, as any other fact; or unless the Judge himself, in showing the grounds of his decision upon the rule, shall insert the same in the record or bill of exceptions, as a rule of his Court. We can judicially know only the rules of practice established by law. But aside 'from this, we think there is nothing in this record to put the Circuit Judge in error in regard to said deposition.

On the 4th day of the May Term, 1858, an order of Court was made, by consent, that the deposition of this witness should be taken on that day, at the Court-house without further notice. But, from some cause, not very apparent, it was not taken on that day, but was taken on the 4th of June afterwards, at a Commissioner's office in Rogersville. In the exception to the deposition it is alleged to have been taken without notice, and after an agreement that it should not be taken at the time it was taken, in consequence of which defendant was absent, and failed to cross-examine. But we cannot take the allegations of an exception, or of the parties as true; unless they are proved, or the facts they suggest exist in the record; they stand as exceptions only. The only fact proved is, that the depositions were taken after the defendant left town; but this does not negative notice, and for anything in the record, he may have had notice, or there may have been an agreement; and this we are bound to presume, in support of the action of the Circuit Judge; and besides, the defendant's counsel was present when the caption of the deposition was being

written. No order or commission under our present practice was required. Affirm the judgment.

*Judgment affirmed.*

Presumption in favor of regularity of proceedings in Circuit Court; Conner v. The State, 4 Yerg. 137,140; Mathews v. Weeden, 4 Yerg. 166,167; Perdue v. State, 2 Humph. 494,495; Betts v. Demumbrune, Cooke, 39, 48; McGavock v. Ward, Cooke, 403,405: Kelton v. Bevins, Cooke, 102; Gregory v. Allen, Mart. & Yerg. 74, 78; Cassel v. Franklin, 2 Tenn. 201, 202.

As to presumption in support of the judgment of the County Court, see Cate v. Little, *Supra*, page 68 and citations. And see Gass v. Hawkins, *Infra*.