## HANRICK *v.* HANRICK.

## HANRICK *v.* HANRICK.

## BRADY *v.* HANRICK.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

Nos. 337, 338, 339. Argued and submitted April 3, 1894. — Decided April 30, 1894.

Under the act of March 3, 1887, c. 373, corrected by the act of August 13, 1888, c. 866, (as under earlier acts,) one of several defendants, being a citizen of the same State as a plaintiff, cannot remove a cause from a state court into the Circuit Court of the United States upon the ground of prejudice and local influence between himself and the other defendants.

A defendant, who wrongfully removes a cause from a state court into the Circuit Court, from whose decree appeals are taken by himself and other parties to this court, must, upon reversal of the decree by this court for want of jurisdiction in the Circuit Court, pay the costs in that court, as well as of all the appeals to this court.

THIS was an action, brought December 17, 1878, in the District Court of Falls County in the State of Texas, to recover two undivided thirds of land in that county, of which Edward Hanrick, a citizen of that State, was seized at the time of his death in 1865, intestate and without issue. His

heirs, at the time when this suit was brought, were his sister Elizabeth; Nicholas Hanrick and others, the children of his deceased brother James; and Edward G. Hanrick, the only son of another deceased brother. The plaintiffs were Elizabeth and the children of James, and were some of them citizens of the State of New York, and the others subjects of the United Kingdom of Great Britain and Ireland and residents of Ireland. The defendants were Edward G. Hanrick, a citizen of Texas, residing in the Northern District of Texas, who contended that the plaintiffs had no title, because both Elizabeth and James were aliens; and Philip O'Brien and wife, residents of the State of Massachusetts and citizens of the United States, to whom some of the plaintiffs had conveyed their interests by a deed absolute in form, but alleged to be in trust for the grantors.

The petition, which stated the above facts, was afterwards amended by joining as defendants William Brady, a citizen of New York; John B. Sargent, a citizen of Massachusetts; and Wharton Branch and Edward J. Gurley, citizens of Texas. Brady, Sargent and Branch severally claimed interests in the lands under conveyances from the defendants O'Brien and wife; and Gurley claimed an undivided third of the land under a deed from Edward G. Hanrick pursuant to a contract made by Edward Hanrick in his lifetime. The amended petition prayed for a partition of the whole land, having due regard to any valid conveyances of interests therein, and to other equitable considerations.

On June 15, 1887, Brady, relying on section 639 of the Revised Statutes, and the acts of March 3, 1875, c. 137, and March 3, 1887, c. 373, filed in the state court a petition, supported by his affidavit, for the removal of the suit into the Circuit Court of the United States, on the ground that there was in the cause a controversy between himself, a citizen of New York, and the defendants Edward G. Hanrick, Branch and Gurley, citizens of Texas, and that by reason of prejudice and local influence, created by said Hanrick, Brady could not obtain justice in the courts of the State. Thereupon the state court ordered the case to be removed as prayed for.

On November 21, 1887, the defendants Hanrick and Gurley moved the Circuit Court to remand the case to the state court, because there was no controversy between the defendant Brady and the plaintiffs; because Brady was a citizen of the same State as some of the plaintiffs; because all the defendants were not citizens of a different State from the plaintiffs; because there was no separable controversy between Brady and any other party to the suit; and for other reasons.

On November 23, 1887, the Circuit Court, against the exception of the defendants Hanrick and Gurley, made an order denying their motion to remand the case to the state court; reciting that it had been made to appear to the court that from prejudice and local influence the defendant Brady would not be able to obtain justice in the courts of the State; and adjudging that the cause be removed from the state court to the Circuit Court.

The pleadings were then, by order of the Circuit Court, reformed according to the equity rules of the court; and, after further proceedings and hearings, it was decreed that the parties were entitled to undivided interests in the land as follows: The plaintiffs, two ninths; the defendant Edward G. Hanrick, two ninths; the defendants Brady and O'Brien and wife, two ninths; and the defendant Gurley, one third. A final decree of partition was entered accordingly, from which appeals were taken to this court by the plaintiffs, by the defendant Hanrick, and by the defendants Brady and O'Brien and wife.

*Mr. W. Hallett Phillips* for appellant in No. 337. *Mr. L. W. Goodrich* also filed a brief for same.

No appearance for other parties.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The first question to be decided is whether the Circuit Court of the United States lawfully acquired and retained jurisdiction of the case. The determination of this question really

depends upon the construction and effect of the act of March 3, 1887, c. 373, as corrected by the act of August 13, 1888, c. 866; but will be aided by referring to the earlier acts of Congress and to the construction of those acts by this court.

The Judiciary Act of September 24, 1789, c. 20, § 12, authorized "a suit" commenced in any state court "by a citizen of the State in which the suit is brought against a citizen of another State" to be removed by the defendant into the Circuit Court of the United States upon a petition filed in the state court. 1 Stat. 79. Under that statute, it was held to be essential to the jurisdiction of the Circuit Court that all the defendants should be citizens of a different State from any of the plaintiffs. *Strawbridge* v. *Curtiss*, 3 Cranch, 267; *Coal Co.* v. *Blatchford*, 11 Wall. 172; *Barney* v. *Latham*, 103 U. S. 205, 209.

The earliest act of Congress for the removal of causes on the specific ground of prejudice and local influence was the act of March 2, 1867, c. 196, by which "where a suit is now pending, or may hereafter be brought, in any state court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State," the suit might be removed into the Circuit Court of the United States by "such citizen of another State, whether he be plaintiff or defendant," upon filing a petition and affidavit in the state court. 14 Stat. 558.

Under that act, it was held, after able arguments and full consideration, that the phrase "a suit in which there is controversy between a citizen of the State in which the suit is brought and a citizen of another State" had the same meaning as the shorter description, in the act of 1789, of "a suit between" such parties; that each term implied a proceeding in a court of justice by a party plaintiff against a party defendant; and consequently that all the defendants must be citizens of other States from any of the plaintiffs, and that one of several defendants could not remove the suit. *Case of Sewing Machine Cos.*, 18 Wall. 553, 585; *Vannevar* v. *Bryant*, 21 Wall. 41; *Blake* v. *McKim*, 103 U. S. 336, 338, 339.

The act of 1867 was substantially reënacted in clause 3 of

section 639 of the Revised Statutes, which, however, (like the act of 1789,) described the case to be removed as "a suit" between a citizen of the State in which it is brought and a citizen of another State, (instead of describing it, as in the act of 1867, as "a suit in which there is controversy between" such parties,) and was likewise held to require that all the necessary parties on one side of the suit should be citizens of different States from those on the other, and not to permit a removal because of a separable controversy between one of the defendants and the plaintiff. *Myers* v. *Swann*, 107 U. S. 546; *American Bible Society* v. *Price*, 110 U. S. 61; *Cambria Iron Co.* v. *Ashburn*, 118 U. S. 54; *Hancock* v. *Holbrook*, 119 U. S. 586; *Young* v. *Parker*, 132 U. S. 267, 270, 271.

The act of March 3, 1875, c. 137, § 2, authorized any suit in a state court "in which there shall be a controversy between citizens of different States" to be removed by "either party" into the Circuit Court of the United States; and added this clause: "and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States." 18 Stat. 470.

Under that statute, it has been uniformly held that, in order to justify a removal of the suit because of "a controversy which is wholly between citizens of different States," the whole subject matter of the suit must be capable of being finally determined between them, and complete relief afforded as to the separate cause of action, without the presence of other persons originally made parties to the suit; and that when there was but one indivisible controversy between the plaintiffs and the defendants, as in the case of a suit for partition, the suit could not be removed by one of several plaintiffs or defendants. *Blake* v. *McKim*, 103 U. S. 336; *Torrence* v. *Shedd*, 144 U. S. 527; *Bellaire* v. *Baltimore & Ohio Railroad*, 146 U. S. 117; *Wilson* v. *Oswego Township*, 151 U. S. 56; *Merchants' Cotton Press Co.* v. *Ins. Co. of North America*, 151 U. S. 368.

The act of 1875 contained nothing concerning removal on the specific ground of prejudice or local influence, and did not repeal clause 3 of section 639 of the Revised Statutes. *Bible Society* v. *Grove,* 101 U. S. 610; *Hess* v. *Reynolds,* 113 U. S. 73 ; *Baltimore & Ohio Railroad* v. *Bates,* 119 U. S. 464.

The act of March 3, 1887, c. 373, corrected by the act of August 13, 1888, c. 866, was intended, as this court has often recognized, to contract the jurisdiction of the Circuit Courts of the United States, whether original over suits brought therein, or by removal from the state courts. It not only amends the act of 1875 ; but it allows to none but defendants the right to remove any case whatever, and, by new regula- tions of removals for prejudice or local influence, supersedes and repeals the earlier statutes upon this subject. 24 Stat. 553; 25 Stat. 434; *Smith* v. *Lyon,* 133 U. S. 315; *Fisk* v. *Henarie,* 142 U. S. 459; *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454.

This act, after other provisions which need not be stated, reënacts the last clause of section 2 of the act of 1875, above quoted, except that it omits the words "plaintiffs or." It then takes up the subject of the act of 1867, and enacts that in the case, defining it in the words of that act, "where a suit is now pending or may be hereafter brought, in any state court," a removal may be had, not, as under that act, by "such citizen of another State, whether he be plaintiff or defendant," but only by "any defendant being such citizen of another State ; " and not upon petition to the state court and the mere affidavit of the petitioner to his belief in preju- dice or local influence, but upon petition to the Circuit Court of the United States and "when it shall be made to appear to said Circuit Court" that prejudice or local influence exists.

Whether this act permits one of two or more defendants to remove any case which he could not have removed under earlier statutes is a question upon which there have been con- flicting decisions in the Circuit Courts, and upon which we are not now required to express a definitive opinion.

Beyond doubt, the existing act, like every act which pre-

ceded it, does not authorize one defendant to remove a suit into the Circuit Court of the United States from a state court, upon the ground of prejudice or local influence between himself and other defendants. The whole object of allowing a defendant to remove a suit or controversy into the Circuit Court of the United States is to prevent the plaintiff from obtaining any advantage against him by reason of prejudice or local influence. Unless such prejudice or influence in favor of the plaintiff is alleged and proved, he cannot be prevented, under the clause of the existing statute upon this subject, from prosecuting his suit against all the defendants in the court in which he originally brought it.

The present case was a suit for partition, to which all the plaintiffs and all the defendants were indispensable parties. *Torrence* v. *Shedd*, 144 U. S. 527; *De la Vega* v. *League*, 64 Texas, 205; *Stark* v. *Carroll*, 66 Texas, 393. Each and all of the defendants contested the rights which the plaintiffs asserted; the defendant Brady was a citizen of the same State as some of the plaintiffs; and the only prejudice and local influence which he alleged as a ground of removal was between himself and other defendants. For this reason, independently of other reasons urged against the validity of the removal, Brady's removal of the cause into the Circuit Court of the United States was not warranted by any of the acts of Congress on which he relied.

Brady, having wrongfully removed the case into the Circuit Court, must pay the costs in that court, as well as the costs of the three appeals to this court. *Mansfield &c. Railway* v. *Swan*, 111 U. S. 379; *Torrence* v. *Shedd*, and *Tennessee* v. *Union & Planters' Bank*, above cited.

*Appeal of the plaintiffs sustained, and decree reversed, with costs of the three appeals against Brady; and case remanded to the Circuit Court, with directions to render judgment against him for costs in that court, and to remand it to the state court.*