YARNELL v. FELTON et al.[1]

(Circuit Court, E. D. Tennessee, S. D. June 12, 1900.)

1. REMOVAL OF CAUSES—TIME OF APPLICATION—STATE STATUTE—JUDICIAL NOTICE.

On consideration of a motion to, remand a cause to the state court because the petition for removal was not filed in time, the federal court cannot take judicial notice of a rule of the state court by which the time in which pleadings may be filed is extended beyond the date fixed by the general statute of the state.

2. SAME—PETITION BY ONE OF SEVERAL DEFENDANTS.

Under Act Cong. 1887-88, providing for the removal of causes from the state to the federal courts where the controversy is between citizens of different states, an application by one only of two defendants of different citizenship from the plaintiff will not entitle the petitioning party to a removal.

3. SAME—FEDERAL QUESTION INVOLVED.

The objection, to a petition for the removal of a cause, that all of the defendants have not united in asking for the removal, is valid as well where the removal is sought on the ground that a federal question is involved as where the application is based on diversity of citizenship.

4. SAME.

Whether an action in a state court against a receiver to recover damages for a personal injury resulting from alleged negligence in the operation of a railway, and involving only a question of liability for negligence, is removable, as a case arising under the constitution or laws of the United States, solely on the ground that the receiver was appointed by a federal court, is reserved. [2]

W. T. Murray, for plaintiff.

Head & Anderson, for defendant.

CLARK, District Judge. This case is now before the court on motion to remand to the state court. The action is against the Cincinnati, New Orleans & Texas Pacific Railway Company, a corporation organized under the laws of the state of Ohio, and defendant Felton, as receiver, appointed by the circuit court of the United States for the Southern district of Ohio. The action is to recover damages, presumably for personal injury resulting from negligence, although the declaration had not been filed at the time of the order of removal. The petition for removal was on behalf of Felton, the receiver, alone. The jurisdiction of this court is objected to—First, upon the ground that the application for removal was not made at or before the time within which the defendant is required to plead by general statute of the state upon the subject; and, second, upon the ground that one of the two defendants does not join in the application for removal.

For the defendant it is insisted that by a general rule of practice adopted by the state circuit court under statutory authority the time in which the pleadings may be filed was extended beyond the date fixed by general statute, which would apply only in the absence of a regular rule of practice established by the state circuit court. The further contention by the defendant is that it is not necessary, under Act

[1] Corrected opinion. For original opinion, see 102 Fed. 369.

[2] Jurisdiction of federal courts in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308, and Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

Cong. 1887–88, for a co-defendant or defendants to unite in the application for removal. The rule of practice adopted by the state circuit court extending the time for filing a declaration or plea, if it were effective to extend the time in which to apply for removal, is no part of the record, and this court cannot judicially know such a rule. Harris v. Burris, 1 Tenn. Cas. 80. But the omission to prove the rule in the court below, and incorporate the same in a bill of exceptions, does not change the result in the case at bar. The removal in this case was applied for on the sole ground of diverse citizenship. But the application for removal is on behalf of only one of the two defendants sued. It should be remarked that it is not insisted, and, indeed, could not be, that there is in the suit a separable controversy. Railroad Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528. Under the various acts of congress for the removal of causes on the sole ground of diverse citizenship it has been uniformly held that, where there is a plurality of plaintiffs or defendants, every necessary party on the one side of the controversy must be a citizen of a different state from every necessary party on the other side of such controversy. Gage v. Carraher, 154 U. S. 656, 14 Sup. Ct. 1190, 25 L. Ed. 989; Merchants' Cotton Press & Storage Co. v. Insurance Co. of North America, 151 U. S. 368, 14 Sup. Ct. 367, 38 L. Ed. 195; Hanrick v. Hanrick, 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685; California v. Southern Pac. Co., 157 U. S. 260, 15 Sup. Ct. 591, 39 L. Ed. 683; 18 Enc. Pl. & Prac. 193, and cases there cited.

Under removal acts prior to that of 1875 as well as under that act, the rule was that, where diversity of citizenship was relied on as ground for removal, it was necessary for all defendants brought before the court by service of process to unite in the petition or application for removal. Hanrick v. Hanrick, 153 U. S. 195, 14 Sup. Ct. 835, 38 L. Ed. 685; Wilson v. Oswego Tp., 151 U. S. 63, 14 Sup. Ct. 259, 38 L. Ed. 70; Fletcher v. Hamlet, 116 U. S. 408, 6 Sup. Ct. 426, 29 L. Ed. 679; California v. Southern Pac. Co., 157 U. S. 260, 15 Sup. Ct. 591, 39 L. Ed. 683.

And it is not to be seriously doubted that it is necessary for all defendants duly served to join in the application to remove under the act of 1887–88, although the question is one upon which there have been conflicting decisions in the circuit courts, and the question was reserved in Hanrick v. Hanrick, 153 U. S. 197, 14 Sup. Ct. 835, 38 L. Ed. 685, and again in California v. Southern Pac. Co., 157 U. S. 260, 15 Sup. Ct. 591, 39 L. Ed. 683. Smelting Co. v. Cowenhoven (C. C.) 41 Fed. 450, and Thompson v. Railway Co. (C. C.) 60 Fed. 773, are cases supporting the view that it is necessary, in the absence of a separable controversy, for all material defendants before the court to join in the application for removal. Thompson v. Railway Co. was referred to with approval in Whitcomb v. Smithson, 175 U. S. 637, 20 Sup. Ct. 248, Adv. S. U. S. 248, 44 L. Ed. 303. In Railway Co. v. Martin, 20 Sup. Ct. 854, Adv. S. U. S. 854, 44 L. Ed. 1055, this question must be regarded as determined, although the removal under consideration was on the ground that the case arose under the constitution and laws of the United States, and not on the ground of diverse citizenship, the

petition for removal in that case, as in the one at bar, having been presented by the receivers, in which their co-defendants did not join. The opinion, in view of the grounds on which it proceeded, is just as applicable to the one case as the other. The proper construction of both the second and third clauses of section 2 of the act of 1887-88, was both discussed and determined; the court, through Mr. Chief Justice Fuller, saying:

"And, in view of the language of the statute, we think the proper conclusion is that all the defendants must join in the application under either clause."

It is insisted by the defendant that, although removal was sought on the ground of diverse citizenship, the suit being against the removing defendant, Felton, in his official character as receiver, the record discloses a federal question, and that in such case it is not necessary that other defendants sued should join in the petition for removal. If it were permissible to sustain jurisdiction upon grounds other than those stated in the petition for removal, the objection that the other defendant does not unite in the petition for removal is applicable to a case in which removal is sought on the ground of a federal question equally with a case in which diversity of citizenship is the ground of removal. This somewhat vexed question has just been finally settled by the supreme court of the United States in Railway Co. v. Martin, supra. Furthermore, no federal question is presented here, unless the fact that the suit is against a receiver appointed by the circuit court of the United States constitutes a federal question which would authorize removal.

It has been decided by the circuit court of appeals for the Seventh circuit that an action in a state court against a receiver to recover damages for a personal injury resulting from alleged negligence in the operation of a railway, and involving only a question of liability for negligence, is not removable as a case arising under the constitution or laws of the United States, solely on the ground that the receiver was appointed by a federal court. Gableman v. Railway Co., 41 C. C. A. 160, 101 Fed. 1. However, precisely this question was suggested and reserved in Railway Co. v. Martin, and, as the case at bar is satisfactorily disposed of on the ground that one of the two defendants properly before the court did not join in the application for removal, it is not now material to consider or determine this point in the case. The motion to remand is accordingly granted.