HARRISON v. HARRISON et al.

(District Court, N. D. Mississippi, E. D. September 14, 1922.)

No. 33.

1. Removal of causes ⬅37—Parties to be rearranged according to real interest in controversy, disregarding formal positions on pleadings.

In determining jurisdiction for purpose of removal of cause on the ground of a controversy between citizens of different states, the court must disregard the formal positions of the parties as plaintiffs or defendants on the face of the pleadings, and rearrange them according to their real interest in the controversy.

2. Removal of causes ⬅48—Two separable controversies, one at law, the other in equity, wholly between citizens of different states.

Suit removed from state court, on its face by citizen of one state against citizen of same state and citizen of another state, held to involve two separable controversies wholly between citizens of different states, one of a legal nature over title, the other for accounting, besides seeking partition; interests of the citizens of the one state being identical.

3. Removal of causes ⬅48—Something less than whole suit meant by "controversy."

Something less than the whole suit is meant by the term "controversy," in Judicial Code, § 28 (Comp. St. § 1010), authorizing removal from state court of suit in which there is a controversy wholly between citizens of different states, and which can be fully determined as between them.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Controversy.]

4. Removal of causes ⬅116—Blended suit separated into legal and equitable action, for purpose of trial, on removal.

On removal from state court of blended suit involving legal title to land (defendant in possession claiming sole ownership, and the other defendant and plaintiff each claiming to own one-third), and for partition and accounting, it will be divided into legal action, to be tried first to jury, and suit in equity to be abated till dispute over title is settled.

In Equity. Suit by James T. Harrison against Allen B. Harrison and another, removed from the chancery court of Lowndes county, Miss. Heard on motion to remand. Motion overruled.

See, also, Harrison v. Lee, 3 F.(2d) 796.

James T. Harrison, of Columbus, Miss., for complainant.

Sturdivant, Owen & Garnett, of Columbus, Miss., for defendants.

HOLMES, District Judge. [1] For the purpose of determining the question of jurisdiction, it is the duty of the court to dis-

regard the formal positions which the parties occupy as plaintiff or defendants on the face of the pleadings, and to rearrange them according to their real interests in the controversy.

[2] It is clear that the interest of Allen B. Harrison in the main controversy, which is over the title to the fee in the Buckhorn plantation, is identical with that of the plaintiff, James T. Harrison, and that for the purpose of determining whether or not the suit embraces a controversy wholly between citizens of different states the two Harrisons, both citizens of Mississippi, should be aligned on one side, and the defendant Blewett Lee, a citizen of New York, on the other. The source of whatever right or title the Harrisons have is identical, and is antagonistic to the claim of the nonresident defendant that he is the sole owner in fee of the land involved in the suit. This probably applies also to the controversy over the rents, issues, and profits of the Buckhorn plantation since the death of the testatrix, Mary D. Portwood, on April 21, 1915; but, if such is not the case, then there is a separable controversy between James T. Harrison and Blewett Lee over the same.

It is helpful to look at the allegations in the petition to remove to supply some facts not apparent on the face of the bill of complaint, but it is not necessary to do so, as it is apparent from the face of the complaint itself, in so far as there is any dispute between the parties, that James T. Harrison and Allen B. Harrison, both citizens of Mississippi, are aligned on one side of that dispute, and Blewett Lee, a citizen of New York, on the other, and to the extent that Allen B. Harrison is eliminated from any controversy between James T. Harrison and Blewett Lee there is a separable controversy between the latter two. Under no circumstances apparent upon the face of the record, or reasonably to be inferred therefrom, is there any identity of interest between the defendants, Allen B. Harrison and Blewett Lee, or any real controversy between Allen B. Harrison and James T. Harrison. It differs from Hanrick v. Hanrick, 153 U. S. 192, 14 S. Ct. 835, 36 L. Ed. 685, where "each and all of the defendants contested the rights which the plaintiffs asserted."

It is true that the proceedings become adversary in their nature, with James T. Harrison on one side and Allen B. Harrison and Blewett Lee on the other, in so far as it is sought to partite the property either in kind or by sale and a division of the proceeds. As to this feature of the proceedings it may be said that the interests of all three of the parties are adverse to each other, that the hand of each is raised against the other, but this controversy over a division of the land or its proceeds cannot be reached and determined until the question of title is settled by the court. This court can administer the enlarged equitable remedies afforded by section 3525 and other sections of the Code of 1906 only to the extent that in so doing the defendant is deprived of no right guaranteed to him by the Constitution of the United States. A defendant in possession of land claiming title in a suit to dispossess him is guaranteed a jury trial in an action at law under the Constitution of the United States, and section 3525 of the Mississippi Code of 1906 cannot be construed to enlarge the equitable jurisdiction of the federal court to the extent of depriving the defendant of such a jury trial.

The suit as filed in the state court, and now sought to be removed, is of a blended (legal and equitable) nature and authorized by section 3525 of the Code of 1906. On the face of this suit there appears, first, the legal action over the controverted title, with the defendant Blewett Lee in possession, claiming the fee, on one side, and the two Harrisons, out of possession, disputing Lee's claim to the fee, and themselves claiming a third interest each, on the other side. Here is a controversy wholly between citizens of different states, and of a legal nature. On this issue the defendant Lee is entitled to a jury trial on the law side of the court, with James T. Harrison and Allen B. Harrison arranged as plaintiffs.

Second. There appears on the face of the bill a suit in equity for partition and an accounting. Except as to defensive matters, which cannot be considered in determining jurisdiction, and eliminating the dispute over the title which must be settled in an action at law, it is apparent that the real and substantial controversy here is over the accounting. The complaint alleges that the respondent Blewett Lee has had the complete use and occupation of the premises since April 21, 1915, and has received all the rents and profits therefrom, and prays that he be made to account for the full term thereof for all said rents, and also to pay a fair valuation for the use and occupation of the premises in his possession.

The real controversy here presented is whether Lee has been in possession as alleged, and has received all the rents and profits from the premises. If this is true, aside from matters of defense which, as stated,

cannot be considered now, he is liable equally to the other two tenants in common, both of whom are citizens of Mississippi. Here, therefore, is another controversy wholly between citizens of different states, which is separate and distinct from the controversy for the partition of the land, either in kind or by a sale and division of the proceeds.

[3] It is an unusual kind of separable controversy, in that all the parties to the suit are interested in it, and that one of the defendants becomes for jurisdictional purposes a plaintiff with respect to it, but remains a defendant with respect to the adversary proceedings for partition; yet it is well within the meaning of the term "controversy wholly between citizens of different states," which either one or more of the defendants may remove under section 28 of the Judicial Code (Comp. St. § 1010). The term "controversy," as so used, means something less than the whole suit—that is to say, the cause of action, included within the suit, which can be separated and disentangled therefrom—and when so separated and distinguished is of such a character that a separate suit might have been brought thereon and complete relief afforded without the presence of others made plaintiff or defendant in the original suit, or without the joinder of any other controversy which is not wholly between citizens of different states. In other words, the right of removal exists in a case brought in a state court in which there are two or more controversies or causes of action, capable of separation into two or more independent suits, one of which controversies is wholly between citizens of different states, and in the absence of allegations of fraud the existence of a separable controversy must be determined by the state of the pleadings or record in the state court at the time of the application for removal, without reference to the petition for removal itself.

The proceedings for partition and accounting are separable, involving issues that turn on different principles of law and distinct questions of fact. If the partition proceedings are of such an adverse character that the interest of the resident defendant may be said to be opposed to the plaintiff, in that the former might not desire a partition, certainly the suit for an accounting is a separate and distinct controversy, as to which the interest of Allen Harrison must be regarded as identical with James T. Harrison and opposed to Blewett Lee.

The suit as filed in the state court embraced two controversies wholly between citizens of different states, one over the controverted title, of a legal nature, and the other over an accounting, of an equitable nature. Separate suits might properly have been brought thereon, one at law, and the other in equity. There was no waiver of the right to remove to the federal court by the nonresident defendant. This is clear from the brief of counsel and authorities there cited.

[4] The motion to remand will be overruled, and the blended suit will be divided into (1) a legal action over the title; and (2) a suit in equity for partition and an accounting. The legal action will be transferred to the law side of the court and entered on the law docket. The parties may recast their pleadings in legal form, if they deem advisable. The suit in equity will be abated until the dispute over the title is settled in the action at law.

An order may be entered in accordance herewith. The attorneys for the nonresident defendant may draft such an order, and, after submitting same to the plaintiff, send to me for signature.