**Ivan CASTRILLO, et ano., Plaintiffs,**

v.

**CITY OF NEW YORK,
et al., Defendants.**

No. 98 Civ. 5120(LAK).

United States District Court,
S.D. New York.

Sept. 9, 1998.

Edward I. Weiner, Goldstick, Weinberger, Feldman & Grossman, P.C., for Plaintiffs.

Mark S. Landman, Joanna L. Watman, Landman Corsi Ballaine & Ford, P.C., for Defendants Amtrak, Amtrak Police Department, L. Coiro and R. Harlow.

Michael D. Hess, Corporation Counsel of the City of New York, New York City, for Defendants City of New York and Police Department of City of New York.

### MEMORANDUM OPINION

KAPLAN, District Judge.

This tort suit was commenced in June 1998 in the Supreme Court of the State of New York, Bronx County, against the City of New York, its police department, Amtrak, Amtrak's police department, and three individuals.[1] On or about July 20, 1998, Amtrak and two of the individual defendants—Amtrak police officers—purportedly removed the action to this Court, invoking our jurisdiction under 28 U.S.C. §§ 1331, 1349 and 1441. Plaintiffs move to remand on the ground that

---

**1.** The police departments doubtless are not suable entities, but nothing turns on that here.

the action was improperly removed because all defendants did not join in the removal.[2]

Amtrak's argument is simple. It asserts that it is a federally chartered corporation, more than half the stock of which is owned by the United States, and that 28 U.S.C. § 1349 therefore creates an independent basis of federal jurisdiction in any suit against it. It seeks to overcome the well established rule [3] that all defendants ordinarily must join in a removal notice on three theories: (1) consent of co-defendants is not required in federal officer removal pursuant to 28 U.S.C. § 1442 and in certain other cases in which statutes give other individuals or agencies an independent right to remove, (2) Amtrak has an independent right to remove arising from 49 U.S.C. § 24101 and 28 U.S.C. §§ 1331, 1349 and 1441, and (3) the failure to join by a co-defendant not independently entitled to remove does not defeat removal by a defendant entitled to do so.

■ The Court assumes, without deciding, that Amtrak, a federally chartered corporation the majority of the shares of which are owned by the government, if sued alone, would have the right to remove the action under 28 U.S.C. §§ 1349 and 1441, although the language of Section 1349, as Amtrak recognizes, could be considerably clearer. But Amtrak ignores the fact that both circuits to have considered the question have held squarely that a federally chartered corporation sued together with other defendants does not have the right to remove absent the joinder of the others.[4] Each of Amtrak's other arguments, moreover, is without merit.

■ First, there certainly are circumstances in which Congress has provided that federal officers, agencies and corporations may remove irrespective of the joinder of other defendants. The federal officer removal statute, 28 U.S.C. § 1442, specifically provides that any action against the United States or any agency or officer thereof in an official or individual capacity for any act under color of law may be removed "by them" to the federal district court, thus evidencing Congress' intention that such removal not be defeated by the presence and lack of consent to removal of co-defendants. Similarly, Congress' express provision for removal by the Federal Deposit Insurance Corporation, 12 U.S.C. § 1819(b)(2)(B), and its predecessors, has been construed as permitting the FDIC to remove unilaterally.[5] But there is nothing in any statute relied upon by Amtrak that even arguably reflects such a Congressional determination.

What has been said thus far substantially disposes of Amtrak's second argument, that 28 U.S.C. §§ 1331, 1349 and 1441 and 49 U.S.C. § 24101 confer an independent right of removal upon it. Sections 1331 and 1441 are the general federal question and removal statutes and do no such thing: Section 1349, even construed in the light most favorable to Amtrak, simply creates federal jurisdiction over suits against Amtrak but does not address the circumstances in which Amtrak may remove an action commenced against it in state court. Section 24101 merely sets forth the Congressional findings, purpose and goals with respect to Amtrak and does not even remotely address the question before the Court.

Plaintiff's final argument—that the joinder of defendants lacking an independent right to remove is unnecessary—rests principally on a passage from an unreported district court decision that permitted Amtrak to remove an action notwithstanding the failure of a co-defendant to join in the removal, *Citizens for a Sound Environment, Inc. v. Holbrook.*[6]

---

**2.** At the pretrial conference held on September 8, 1998, plaintiffs' counsel advised the Court that the City of New York was served, but that defendant Inoa has not been. In any case, as the party invoking federal jurisdiction has the burden of proving that jurisdiction exists, it was plaintiffs' burden to prove that all defendants who had been served at the time the removal notice was filed joined in it. Plaintiffs made no such showing.

**3.** *E.g., Hanrick v. Hanrick,* 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894).

**4.** *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994); *Doe v. Kerwood,* 969 F.2d 165 (5th Cir. 1992).

**5.** *See Franklin Nat. Bank Securities Litig. v. Andersen,* 532 F.2d 842, 846 (2d Cir.1976).

**6.** No. 3:96 CV 01754(GLG) (D.Conn. Nov. 14, 1996).

*Citizens,* in turn, relied upon cases involving removal by the FDIC and the FSLIC and *Roe v. Little Company of Mary Hospital,*[7] which allowed another federally chartered corporation, the Red Cross, to remove without the joinder of its co-defendants. The FDIC and FSLIC cases, however, are inapposite in view of the special statutory provisions governing removal by them for which there is no analog in Amtrak's legislation. And the *Little Company* case simply is unpersuasive in light of the Fifth Circuit's *Doe* ruling and no longer authoritative in light of the Seventh Circuit's subsequent and contrary decision in *Roe v. O'Donohue.* In consequence, this Court respectfully declines to follow *Citizens.*

For the foregoing reasons, this Court holds that the notice of removal was deficient in that it was neither signed nor joined by the other defendant which had been served. Alternatively, it was deficient for failure to allege that all defendants which had been served joined in the notice. Accordingly, the motion to remand the action to the Supreme Court of the State of New York, Bronx County, is granted.

SO ORDERED.

---

7. 815 F.Supp. 241 (N.D.Ill.1992).