Bonnee LINDEN, Plaintiff,

v.

CHASE MANHATTAN CORP.,
et al., Defendants.

No. 99 Civ. 2151(LLS).

United States District Court,
S.D. New York.

June 23, 1999.

Bonnee Linden, pro se.

Federal Reserve Bank of New York, Martin C. Grant, of counsel, New York City, for defendant Federal Reserve Bank of New York.

## OPINION AND ORDER

STANTON, District Judge.

Plaintiff, who is proceeding *pro se*, sued the Federal Reserve Bank of New York (the "Fed") and various other persons and entities in the Supreme Court of the State of New York, claiming a fraudulent transfer of her mortgage and foreclosure on her condominium. The Fed removed the case to this court under 12 U.S.C. § 632, and moved to dismiss. The motion was granted, the Fed was dismissed as a defendant, and (there being no further basis of federal jurisdiction) the action was remanded by order dated April 29, 1999.

Plaintiff now moves under Fed.R.Civ.P. 60(b) to vacate that order. She states that the case was not properly removed, and accordingly this court lacked jurisdiction to dismiss the claim against the Fed.

The Fed removed the case under 12 U.S.C. § 632, which states that "all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States," and that

... any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for

the proper district by following the procedure for the removal of causes otherwise provided by law.

Nevertheless, plaintiff argues that the removal was ineffective for two [1] reasons: that the Fed did not obtain consent to the removal from all the other defendants, and that removal was never "effected" because a copy of the notice of removal was not filed with the clerk of the state court as required by 28 U.S.C. § 1446(d).

## 1.

■ Although as a general matter courts require the consent of all defendants to removal, "there certainly are circumstances in which Congress has provided that federal officers, agencies and corporations may remove irrespective of the joinder of other defendants." *Castrillo v. City of New York*, 19 F.Supp.2d 174, 175 (S.D.N.Y.1998). Section 632 of Title 12, U.S.C. (quoted above) has that effect for the Fed. Plaintiff's reliance on *Ponce Federal Bank, FSB v. Instituto Medico del Norte, Inc.*, 643 F.Supp. 424 (D.P.R. 1986), is misplaced: it merely applied the rule of unanimity to removal by non-governmental defendants in certain banking cases where 12 U.S.C. § 632 grants a general right of removal. Under the paragraph in § 632 which applies specifically to it, the Fed has an individual right to remove, which is not conditioned on the consent of its co-defendants.

## 2.

■ Plaintiff's second argument rests on 28 U.S.C. § 1446(d), which requires the defendant, promptly after filing the notice of removal and other requisite papers in the federal court, to file notice of the removal with the state court "... which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." She claims that because the Fed did not file a copy of the notice of removal with the clerk of the state court, there was nothing to "effect

the removal" and this federal court never obtained jurisdiction.

That schoolman's logic is not the law in this Circuit. On the contrary, "... during the short time between the filing of the Notice of Removal in federal court and the filing of a copy in the state court, both courts have concurrent jurisdiction." *Tarbell v. Jacobs*, 856 F.Supp. 101, 104 (N.D.N.Y.1994).

As stated in *United States ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir.1971) (quoting *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 203 F.Supp. 434, 437 (S.D.Tex.1962), *aff'd*, 325 F.2d 206 (5th Cir.1963)) (omission in *Echevarria* ):

> "We have to look at the reason for filing the petition for removal with the clerk of the state court. The apparent reason is to inform the state ... judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement."

*See also Cullen v. BMW of North America*, 84 F.R.D. 342, 343 (E.D.N.Y.1979) ("the filing with the State court of copies of the notice and petition for removal is a procedural and ministerial act, failure of which does not affect the federal court's jurisdiction"). The argument plaintiff makes was considered and rejected by the First Circuit in *Berberian v. Gibney*, 514 F.2d 790, 792–93 (1st Cir.1975), which agreed with Professor Moore that "the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed" (referring to 1A J. Moore, Federal Practice ¶ 0.168[3.–8], at 509–10).

Recognition that the federal court obtains jurisdiction when the notice of removal is filed with it serves an important purpose: there may be urgent need for it to issue restraining or protective orders,

---

**1.** Her other suggested reasons do not merit discussion.

too pressing to await even the prompt filing of further papers in the state court.

### *Conclusion*

This court had jurisdiction to make the order dated April 29, 1999. Plaintiff's motion to vacate that order is denied.

So ordered.