Equisha JACOBS, as Mother and Natu-
ral Guardian of Jacques Jacobs, an In-
fant, and Equisha Jacobs, Individual-
ly, Plaintiffs,

v.

Wilfrido CASTILLO, M.D., Amy Magne-
son, M.D., Samantha Rawlins, M.D.,
Tapti Panda, M.D., Rosario Ferrer
Villasenor, NP, Raymond Hinson,
M.D., and Bronx Lebanon Hospital
Center, Defendants.

No. 09 cv 953(CM).

United States District Court,
S.D. New York.

April 23, 2009.

Paul Nicholas Nadler, Silberstein, Awad & Miklos, P.C., Garden City, NY, for Plaintiffs.

Brian K. Morgan, U.S. Attorney Office, New York, NY, for Defendants.

MEMORANDUM DECISION AND OR-
DER GRANTING THE GOVERN-
MENT'S MOTION TO SUBSTI-
TUTE THE UNITED STATES FOR
DEFENDANT WILFRIDO CAS-
TILLO; GRANTING THE GOV-
ERNMENT'S MOTION TO CON-
SOLIDATE THIS CASE WITH
CASE NO. 08 CIV. 8061; GRANT-
ING PLAINTIFFS' LEAVE TO
FILE AN AMENDED CONSOLI-
DATED COMPLAINT; DENYING
PLAINTIFFS' MOTION TO RE-
MAND THE CLAIMS AGAINST
THE NON–FEDERAL DEFEN-
DANTS TO THE NEW YORK SU-
PREME COURT

McMAHON, District Judge:

### Background

Plaintiffs Equisha Jacobs ("Jacobs") and her infant son, Jacques Jacobs ("Jacques"), began this action on July 7, 2008 by filing a summons and verified complaint against the above-named defendants in New York Supreme Court, County of Bronx. This action arises out of the medical care plaintiffs received (i) while Jacobs was pregnant with Jacques, (ii) during Jacques' birth, and (iii) after Jacques was born. (State Compl. ¶¶ 4–7.) In their complaint filed in the Bronx County court, plaintiffs indicated that they were seeking damages arising out of negligence and medical malpractice and specifically alleged three causes of action—(i) conscious pain and suffering, (ii) lack of informed consent and (iii) loss of services. (State Compl. ¶¶ 1–42.)

On September 18, 2008, plaintiffs filed a separate complaint in the Southern District of New York, *Jacobs v. United States,* 08 Civ. 8061(CM), against the United States (the "United States Action"). This complaint asserted claims under the Federal Tort Claims Act ("FTCA") based on the medical care plaintiffs received at Urban Health Plan, Inc. clinic ("Urban Health"). (Federal Compl. ¶ 6.)

Urban Health is a federally funded health care provider and, as such, was classified as an employee of the Public Health Service, and therefore, the United States, for purposes of tort claims. (*See* Notice of Removal; Pub. Health Serv. Act § 224(g)-(j),(m), 42 U.S.C. § 233(g)-(j), (m)); *see also Celestine v. Mt. Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 78 (2d Cir.2005)

On January 30, 2009, United States Attorney certified under 28 U.S.C. § 2679, that Dr. Castillo, a named defendant in the Bronx County complaint, was an employee of Urban Health and was acting in the scope of his employment while rendering medical care to plaintiffs. (Morgan Decl. Ex. C, hereinafter "Castillo Certification.") Accordingly, pursuant to 42 U.S.C. § 233(g), Castillo was certified as an employee of the United States for the purposes of the FTCA with respect to the medical care he provided to plaintiffs. (*Id.*)

On February 3, 2009, the United States Attorney filed a Notice of Removal of the Bronx County Court action in the Southern District of New York. (Morgan Decl. Ex. D, hereinafter "Notice of Removal.") The government's removal was pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2) as a civil action brought against a party deemed to be an employee of the United States Government for purposes of the FTCA where a trial has not yet been had. (*Id.* ¶ 4.)

Once removed, this action, docket number 09 Civ. 953, was referred to me as a case related to the United States Action, docket number 08 Civ. 8061.

On February 11, 2009, the United States made a motion in this action to (i) substitute the United States as defendant for individual defendant Dr. Castillo; (ii) consolidate this action with the United States

Action; and (iii) dismiss the duplicative claims against the United States. (Gov't Notice of Motion, 09 Civ. 953, Dkt. # 2.)

On March 3, 2009, the plaintiffs filed a cross motion, seeking to have the nonfederal causes of action remanded back to state court, or, alternatively, deciding that plaintiffs are entitled to a jury trial for all their non-Federal (i.e. non-FTCA) causes of action, which is to say, their claims against the defendants other than Dr. Castillo and Urban Health. Plaintiffs also seek to ensure that all of their claims or causes of action are included in the consolidated action. (Pls. Corrected Notice of Motion, Dkt. # 13.)

For the reasons stated below, the government's motion is granted and the plaintiffs' motion is granted in part and denied in part.

## I. United States is Substituted as Defendant for Individual Defendant Dr. Wilfrido Castillo

As discussed above, Urban Health is a federally funded health center under the Public Health Service Act. 42 U.S.C. § 233(g)(1)(D)-(G). For purposes of tort actions, upon certification by the Attorney General, such a health center and its employees acting in the scope of their employment are deemed to be federal employees. *See, e.g., Celestine,* 403 F.3d at 80. "Upon certification, the action may then be removed to federal court. Once such case is removed, the United States can replace the named defendant as the allegedly liable party—and the case proceeds as a FTCA suit." *Id.* (internal citations omitted.)

The United States replaces any named employee of the Public Health Service as defendant because, under section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), the FTCA is "the exclusive remedy for specified actions against members of the Public Health Service."

*Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir.2000).

The Secretary of Health and Human Services deemed Urban Health and its employees to be employees of the Public Health Services for purposes of the FTCA, effective January 1, 2005. (Morgan Decl. Ex. B, Anagnos Decl. ¶ 2.) Acting United States Attorney for the Southern District of New York, Lev Dassin, certified pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C. § 2679, and 28 C.F.R. § 15.4(a) that individual defendant Dr. Castillo was acting within the scope of his employment as a designated employee of the United States during the time he rendered prenatal medical care to plaintiffs.

"Upon a certification by the Attorney General that the defendant was acting in the scope of his employment .... the proceeding [shall be] deemed at tort action brought against the United States." 42 U.S.C. § 233(c). "The remedy against the United States provided by [the FTCA] ... shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer of employee (or his estate) whose act or omission gave rise to the claim."

Plaintiffs do not oppose the substitution of the United States for Dr. Castillo and state that they "rely on the U.S.A.'s position that Dr. Castillo was its employee acting within the scope of his employment for any care rendered to plaintiffs at the clinic, Urban Health, as well as at a hospital Bronx Lebanon Hospital Center." (Pls. Mem. at 5.)

The Court grants the government's motion to substitute the United States as defendant for defendant Dr. Castillo and plaintiffs' non-FTCA claims against Dr. Castillo are dismissed since the FTCA is the "exclusive" remedy against a United States defendant.

## II. This Action Will be Consolidated with *Jacobs v. United States,* 08 Civ. 8061

Under Federal Rule of Civil Procedure 42 "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a). Consolidation is appropriate in order to serve the interests of "judicial economy." *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir.1990). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson,* 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Trans. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir.1999) (internal citations omitted). Cases may be consolidated even where certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.,* 229 F.R.D. 395, 402 (S.D.N.Y.2004).

Plaintiffs do not oppose the consolidation of the claims against Dr. Castillo with their pending action against Urban Health as the United States. (Pls. Mem. at 6.) However, plaintiffs do seek to have claims against the non-United States defendants remanded back the Bronx County Court. (Pls. Mem. at 8.)

This action and *Jacobs v. United States* involve common issues of law and fact. In the present case plaintiffs are suing doctors and medical professionals who treated her between July 29, 2005 and May 15, 2006, before, during and after the delivery of her son. Similarly, in *Jacobs v. United States,* 08 Civ. 8061, plaintiffs are suing the United States, alleging that employees of Urban Health provided inadequate medical between August 18, 2005 and May 15, 2006. Accordingly, the two cases concern the same two plaintiffs (Equisha and Jacques Jacobs), the same legal theory (medical malpractice), the same time period (July or August 2005 to May 15, 2006), and some of the same defendants (the United States, and the United States as substituted for Dr. Castillo).

Consolidation would further the goal of "judicial economy" because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law.

Accordingly, the two cases are consolidated.

The government also seeks to dismiss duplicative claims against the United States. The government points out that "once the United States is substituted for Dr. Castillo pursuant to the FTCA, the claim against the United States in this action (09 Civ. 953) will be identical with the sole claim in plaintiffs' other lawsuit (*Jacobs v. United States,* 08 CV 8061(CM))." (Gov't Mem. at 9.) Plaintiffs do not argue with this point, stating in their motion papers, "[P]laintiffs agree that duplicative claims should be dismissed...." (Pls. Mem. at 10.). But plaintiffs' are concerned about "protect[ing] all of their claims against all defendants" in any consolidation. The easy way to take care of these problems is to require plaintiffs' to file an amended consolidated complaint. Plaintiffs have 20 days to serve and file an amended consolidated complaint against all defendants. Defendants have 10 days to answer.

## III. Supplemental Jurisdiction Over the Claims Against the Non–Federal Defendants

Plaintiffs urge this Court to "remand back to state court all of the non-federal claims or causes of action in this

case .... while dismissing claims against federal defendant Dr. Castillo which are duplicative of the claims made in the related action having docket No. 08 Civ. 8061." (Pls. Mem. at 6.) Put more simply, plaintiffs' ask that their claims against the non-federal defendants be remanded to the Bronx County Supreme Court.

The government and one of the private defendants, Dr. Samantha Rawlins, oppose this remand. None of the other private defendants has yet appeared in this action since removal.

Under the supplemental jurisdiction statute, 28 U.S.C. § 1367 ("Section 1367")

(a) Except as provided in subsection[ ] ... (c) ..., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

...

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In *Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 445 (2d Cir.1998), the Court held that the enactment of Section 1367 compelled "federal courts, in determining whether to exercise jurisdiction over a case involving state-law claims, to consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." (internal citations omitted.)

■ In order to determine whether supplemental jurisdiction may be exercised in this case, the court must determine whether plaintiffs' state law claims are "so related" to the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). "If the state claims meet this criterion, then this Court must determine whether any of the statutory factual predicates in subsection 1367(c), listed above, trigger its discretion to decline to exercise supplemental jurisdiction." *Hutchinson v. United States,* No. 01–CV–1198, 2004 WL 350576, at *3 (E.D.N.Y. Feb.20, 2004). "If none of the circumstances in subsection 1367(c) are present, supplemental jurisdiction is mandatory." *Id.* (*citing Itar–Tass, supra,* at 448.)

■ Plaintiffs do not argue that its state law claims against the private defendants are not part of the "same case or controversy" or that they do not seek relief for the same injuries in their claims against the private defendants as the government defendants. Instead they argue that this Court should decline to exercise supplemental jurisdiction over their state law claims against the private defendants because, under 28 U.S.C. § 1367 ("Section 1367"), plaintiffs' claims against the non-federal defendants "substantially predominate[ ]" over the claims against the United States. But "The 'substantially predominates' standard of § 1367(c)(2) creates a 'limited exception' to the exercise of supplemental jurisdiction that should be invoked only when 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Luongo v. Nationwide Mut. Ins. Co.,* No. 95–3190, 1996 WL 445365 at *5

(S.D.N.Y.Aug.7, 1996)(internal citations omitted). Here the "federal" claims are really common law claims asserted against federal defendants pursuant to a waiver of sovereign immunity. The so-called "federal" claims are identical in substance to the state law claims.

■ Plaintiffs also argue that the removal is defective because the government failed to obtain consent for the removal from the other defendants in this action. However, the government does not need the consent of the other defendants to effectuate removal under Section 224(c) of the Public Health Service Act and 28 U.S.C. § 2679(d)(2). "Although as a general matter courts require the consent of all defendants to removal, 'there are certainly circumstances in which Congress has provided that federal officers, agencies and corporations may remove irrespective of the joinder of other defendants.'" *Linden v. Chase Manhattan Corp.*, 52 F.Supp.2d 387, 388 (S.D.N.Y.1999) (*quoting Castrillo v. City of New York*, 19 F.Supp.2d 174, 175 (S.D.N.Y.1998)).

Plaintiffs also argue that they are entitled to have their claims against the private defendants heard by a jury as they timely served a jury demand in this action. (*Id.* at 7; Pls. Notice of Motion Ex. A.) In a consolidated action, plaintiffs may still have their claims against the non-federal defendants heard by a jury because "case law in this Circuit clearly permits district courts to conduct bench trials of claims that must be tried to the court without a jury, while simultaneously trying a related claim to a jury, without hindering justice or resulting in confusion." *Hutchinson*, 2004 WL 350576, at *5 (*citing Matthews v. CTI Container Transp. Int'l, Inc.*, 871 F.2d 270, 279 (2d Cir.1989)). In opposing plaintiffs' motion for remand, defendant Dr. Rawlins argues that plaintiffs' claims against the non-federal defendants should not be heard by a jury while their claims against the federal defendants are heard by the Court because of the risk of inconsistent verdicts. However, plaintiffs are entitled to have their claims against the non-federal defendants heard by a jury and the risk of inconsistent verdicts is equally present were these cases to be tried in state and federal court.

In many FTCA cases like this one, the plaintiff has failed to exhaust administrative remedies against the United States, which requires a court to dismiss the federal claims. In such cases, remanding the non-federal actions to state courts is perfectly appropriate under section 1367(c)(3) and (4)—all federal claims are dismissed (albeit temporarily) and the delay in litigating a plaintiff's claims against non-federal actions while claims against the federal actors are administratively exhausted presents a compelling reason to decline to exercise supplemental jurisdiction. However, in this case, it appears that plaintiffs have exhausted their administrative remedies (or at least the government has not made a motion to dismiss for lack of subject matter jurisdiction) so there is no reason to dismiss the federal claims and plaintiffs will suffer no delay in these circumstances.

Therefore, it is appropriate to exercise supplemental jurisdiction here. The state law claims against the private defendants will be heard and determined by a jury while the FTCA claims against the United States will be heard and determined by the Court.

This constitutes the decision and order of this court.